Sweet *v.* Parker.

| 22 | 453 |
|----|-----|
| 46 | 351 |
| 22 | 453 |
| 52 | 53 |
| 22 | 453 |
| 55 | 462 |

## SWEET *vs.* PARKER.

1. The complainant is inadmissible as a witness where the answer is by a party in a representative capacity.

2. Where the bill prays an answer without oath, the answer if sworn to is treated as if it were not.

3. Many exceptions exist to the general rule that in equity all must be parties who have an interest in the object of the suit. Where it is the *interest* which the court is considering, and the owner merely as the guardian of that interest, and others are present, who, with reference to that interest, are equally certain to bring forward the entire merits of the question, the object is satisfied for which the presence of the actual owner would be required.

4. Where the fund is in the hands of a trustee for the life of the parent who takes a life interest, and her children the principal upon her death, and in a suit affecting such fund the trustee and parent are defendants, an objection taken at the hearing for want of parties because the children have not been joined as defendants, will not prevail. The interest of the children has been protected by their representatives.

5. A deed given as security decreed to be a mortgage, and the grantor allowed to redeem.

6. In a suit to have a deed absolute on its face decreed to be a mortgage, parol evidence is admissible, not to establish an agreement to reconvey which equity will enforce, but to establish the true nature of the instrument by showing the object for which it was made.

The cause was argued on the pleadings and proofs, before the Vice-Chancellor, to whom it had been referred.

*Mr. Richey*, for complainant.

*Mr. J. Parker*, for defendants.

THE VICE-CHANCELLOR.

Erastus P. Sweet and wife, by deed of July 8th, 1858, conveyed to Charles Parker their homestead, in Trenton, for the consideration named in the deed of $900. On the 4th of October, 1862, Charles Parker died, leaving a will. After certain bequests, the will directs his property, personal and real, to be turned into money by Joel Parker, his son and executor, and held by him in trust for the other children of testator, to wit, Charles Parker and Mary Ann Glover, during their lives, and afterwards to their children, if any, on coming of age.

The bill is filed to have this deed declared a mortgage; alleging it to be only a security for indebtedness, given on the grantor's agreement to pay interest at six per cent. yearly while the indebtedness continued; he to remain in possession and pay all taxes and needed repairs, and to have the premises re-conveyed on payment of principal and interest due. It prays a re-conveyance by the executor under the will, or by the three children, defendants in the suit, on payment as above, and asks an answer without oath.

The defendants in answer deny the allegations of the bill, and set out their reasons for believing the deed to be absolute according to its terms. They say they are willing and anxious that whatever is just and equitable should be done, but as minors are interested in the ultimate disposition of the estate, and as the deed is without qualification or condition on its face, so far as they know, they deem it their duty to require the complainant to prove strictly his claim, and submit the matter to the decision of the court.

Five witnesses were sworn for the complainant, of whom

he was one. His testimony was objected to by the defendants, under the act concerning witnesses of March 18th, 1859, the defendants being sued in a representative capacity. His competency is claimed under the act of April 5th, 1855, admitting the complainant to disprove those parts of the answer responsive to the bill. The case of *Lanning* v. *Administrator of Lanning, 2 C. E. Green* 228, was cited to sustain it. It was decided in that case that this provision of the act of 1855 was not repealed by the act of 1859, and the complainant was held admissible after the administrator had been substituted as defendant. But in that case the answer had been sworn to and filed by the original defendant, and was evidence in the cause, notwithstanding his subsequent death and the continuance of the suit against his representative. To exclude the complainant there, would have been to destroy the equality which it is the object of both acts to maintain. In the present case the answer is not evidence, though sworn to, because, first, its denials, or the facts it alleges, are not within the knowledge, and are not averred so to be, of the parties who answer; and because, secondly, the bill prays an answer without oath. When this is done, the answer if sworn to is treated as if it were not. *Stevens* v. *Post,* 1 *Beasley* 408; *Hyer* v. *Little,* 5 *C. E. Green* 443. The testimony of the complainant must be therefore overruled.

It is further objected that necessary parties are wanting in the bill—that the children of Mrs. Glover, who, on her death, take under the will, have an interest in the fund to be affected by the suit, and should have been joined as defendants with their mother and the executor and trustee. This objection was not raised by demurrer, or till the hearing; but if the parties be necessary to the final determination of the cause, the objections must prevail. Many exceptions exist to the general rule that in equity all must be parties who have an interest in the object of the suit. The reason or principle of such exceptions is stated as follows in *Calvert on Parties, sec. 2, p.* 20 : " If they are required to be

parties merely as the owners and protectors of a certain *interest*, then the proceedings may take place with an equal prospect of justice if that interest receives an effective protection from others. It is the *interest* which the court is considering, and the owner merely as the guardian of that interest; if, then, some other persons are present, who, with reference to that interest, are equally certain to bring forward the entire merits of the question, the object is satisfied for which the presence of the actual owner would be so required, and the court may, without putting any right in jeopardy, take its usual course and make a complete decree."

Here the executor and trustee, whose representative character is derived from the law, and the mother having a life estate in the fund, have both defended the suit, and protected the children's interest as well as their own. The case of *Van Doren* v. *Robinson*, 1 *C. E. Green* 256, was cited for the objection, but does not support it. The *cestuis que trust* had there a different interest from an interest *in the fund* to be affected by the suit. In *N. J. Franklinite Co.* v. *Ames*, 1 *Beas.* 507, it was held that *cestuis que trust* were not necessary parties where a mortgage for their benefit was questioned. Their trustees were said to represent them. The same doctrine applies to the owners of distributive shares of an intestate's estate, and to residuary legatees under a will. In suits affecting such funds the administrator and executor are sufficient parties, without joining those to whom the fund is to go. I think the objection should not be sustained.

As to the true character of the deed—whether a security which the complainant is entitled to redeem—the evidence consists of the declarations of the testator, made to Israel Howell and Daniel Fell about the time it was given; of the course of the transactions between complainant and himself to the time of his death, the former continuing in possession, making needed repairs, and paying taxes and interest on the amount of the debt; of the manner in which the indebtedness arose, a part of it existing at the date of the deed, and the balance arising

afterwards by advancements in aid of complainant, and in several sums. A statement in detail of this indebtedness was prepared by testator shortly prior to his death, and has been offered as an exhibit by the defendants, in pursuance of their purpose to have the facts ascertained. It evinces a scrupulous exactness as to dates and amounts, and though standing alone would not avail to control the effect of the deed, yet connected with the testimony of Howell and Fell, and the other facts and circumstances in the cause, clearly proves that the deed was originally taken, and continued to be held as a security, and nothing more. The value of the premises at the giving of the deed was about $1500; the consideration named in it $900; the amount of the advancements when given $553.45; the amount due at testator's death $1078.25. Since 1858, the value of the premises has greatly increased.

The efficacy of the parol evidence is not to establish an agreement to reconvey, the specific performance of which this court will enforce, but to establish the true nature and effect of the instrument, by showing the object for which it was made. It is well settled that this may be done. The question is, whether the transaction was a sale and conveyance, coupled with an agreement for a reconveyance, or whether it was a security for a loan. Any means of proof may be used to show it to be the latter: the declarations of the parties; the relations subsisting between them; the possession of the premises retained by the complainant; the value of the property, compared with the money paid; the understanding that the sums advanced should be repaid, and the payment of interest meanwhile on the amount. The distinction between parol evidence to vary a written instrument, and parol evidence showing facts which control its operation, is employed to reconcile the allowance of such proofs with the statute of frauds, and the general rules of common law. Deeds absolute on their face have been frequently decreed to be mortgages by this court, and the grantors allowed to redeem. *Phillips* v. *Hulsizer*, 5 C. *E. Green* 308, and the cases there cited. In *Thornbrough*

v. *Baker*, 3 *Lead. Cas. in Eq.* 604, the general doctrine is expounded, and in the appended American notes, illustrated at large, and the principles on which parol proofs are allowed, fully examined and explained.

It is plain from the proofs in this case, that the testator's original purpose was beneficial to Sweet, and as such, was carried out while he lived. His death, and the interest of the minors under the will, necessitated a resort to this court, which I am satisfied would not have been required had he ·ved, or had either of them anticipated the situation of the property, as affected by his death. Under the facts, as estab-ished, I am of opinion, and respectfully advise, that the deed be decreed to be a security, and the complainant entitled to redeem, on payment to the executor of the principal sum of $1078.25, with interest at the stipulated rate of six per cent. yearly from the last payment of interest, together with the defendant's costs of this suit; such payment to be made within ninety days from the first day of this term, and the premises to be thereupon conveyed to the complainant by the executor, under the authority of the will and of the decree.