This matter came before me on a motion to add a party defendant or complainant.
The complainant, George C. Hendershot, filed the bill of complaint and prayed that this court decree: (a) that the executors of Charles F. Hendershot specifically perform an alleged oral agreement made between the testator and the mother of the complainant, whereby the testator bound himself to adopt the complainant and to make a will bequeathing and devising to complainant a share of testator's estate amounting at least to as much as the complainant would receive if the said testator died intestate and the complainant had been his natural and legitimate child; (b) that the complainant is and occupies the status of an adopted child of the testator; and (c) that complainant is entitled to so much of the real and personal estate as he would have received had the testator died intestate and complainant had occupied the status of an adopted child.
Testator died leaving a will whereby he devised and bequeathed his real and personal estate to his executors upon trust to pay one-third of the income to his widow, the mother of complainant, for life, and the balance of the income to Charles F. Hendershot, Jr., the only issue of the marriage of testator and the complainant's mother.
The bill of complaint names the three executors (one of whom is Edith C. Hendershot, the widow of the testator and mother of the complainant by a previous marriage) and John T. Hendershot, a presumptive remainderman, as the defendants.
Two of the executors under testator's will (John T. Hendershot and the Newton Trust Company) and the presumptive remainderman now apply to have Mrs. Edith C. Hendershot, individually, added as a party defendant or complainant.
The petition, among other things, says: "6. Edith C. Hendershot, having an equitable and beneficial interest in the property to be affected by any decree made in this matter, is a necessary party to this suit."
Mrs. Hendershot seeks no relief against anyone. She, *Page 546 
therefore, cannot be added as a party complainant. The inquiry is, should she be made a party defendant?
It has been repeatedly said that all persons materially interested, either legally or beneficially, in the subject-matter of a suit should be made parties in order that the court may make a complete and binding decree. The language used has been frequently criticised as not entirely accurate or free from vagueness since there are cases in which persons are materially interested in a suit but are, nevertheless, not necessary parties. There are cases in which persons are required to be made parties even though they do not seem to have a material interest in the suit. Story, Eq. Pl. (9th ed.) § 76a. It has been said that if the rule can be reduced to words it should properly be stated as follows:
"All persons having an interest in the object of the suit, ought to be made parties." Calvert, Parties, ch. 1 § 1.
Mr. Justice Story says, op. cit., § 76c, that:
"The truth is, that the general rule in relation to parties, does not seem to be founded on any positive and uniform principle; and therefore it does not admit of being expounded by the application of any universal theorem, as a test."
The statement that all persons interested in the subject or object of a suit must be made parties does not extend to all who may be consequentially interested. Mitf. Eq. Pl. by Jeremy (3dAm. ed.) [*]170, [*]171; Story, Eq. Pl. (9th ed.) § 140.
See, also, Davison v. Rake, 45 N.J. Eq. 767, 772, wherein it was said:
"In suits by creditors or legatees not involving the construction and effect of the residuary clause of the will, residuary legatees are interested consequentially only from the circumstance that the recovery of the debt or legacy will reduce the residue, and, under such circumstances, the executor is regarded as the representative of all persons interested."
And, in Sweet v. Parker, 22 N.J. Eq. 453, 456, it was held that:
"The same doctrine applies to the owners of distributive shares of an intestate's estate, and to residuary legatees under a will. In suits affecting such funds the administrator and executor are sufficient parties, without joining those to whom the fund is to go." *Page 547 
It, therefore, appears that Mrs. Hendershot, as an individual, is not a necessary party defendant since a decree against the executors will necessarily bind her as an individual participant in the residuary estate.
I am also of the opinion that she is not a necessary party for another reason. No relief is sought against her individually and no decree can be made against her under the frame of the bill of complaint. In the case of VanKeuren v. McLaughlin, 21 N.J. Eq. 163,165, Chancellor Zabriskie mentions a rule long established in the English practice, that,
"* * * it is not necessary to make any one a party, against whom the complainant does not ask, and is not entitled to any relief, and as against whom the bill must be dismissed, with costs, upon demurrer, or at the final hearing."
To the same effect, see Daniell's Ch. Pl. Pr. (6th Am.ed.) [*]295; VanZile, Eq. Pl. Pr. § 58.
For the foregoing reasons, the application to add Edith C. Hendershot, individually, as a party is denied. *Page 548