This matter came before me on an application by Mark Townsend, Deputy Attorney-General, solicitor for the petitioners, Walter D. Van Riper, Attorney-General of the State of New Jersey, and Charles H. Schoeffel, superintendent of the State Police, asking that the said Attorney-General and superintendent of the State Police be made parties defendant in the above matter.
On March 15th, 1945, complainants filed their bill of complaint alleging that they had been indicted by the Hudson County grand jury and that they had been directed to appear before a judge of the Quarter Sessions on March 16th, 1945, for arraignment and pleading. They further alleged that they intended to appear and enter pleas of "not guilty," and that upon said arraignment and pleading the sheriff of said county, acting under the direction of R.S. 53:1-15 et seq., would take their fingerprints and photographs and forward copies thereof to the State Police Bureau of Identification which, in turn, would disseminate such fingerprints and photographs, or cause them to be disseminated, to other law *Page 565 
enforcement agencies within the United States and in foreign countries. The bill further alleged that such fingerprinting and photographing, and the dissemination of copies thereof in advance of conviction, as provided by the statute, would constitute a violation of complainants' right of privacy, which is protected by the state and federal constitutions. The bill prayed for a temporary and permanent restraint against the sheriff.
An order to show cause, with an ad interim restraint, was thereupon made restraining the sheriff, "his agents, servants, including undersheriffs, deputy sheriffs, wardens, court officers, constables, fingerprinting officials and photographers and any other persons acting for the said sheriff, in concert with him or his agents and servants, or independently of him, and chiefs of police, members of the state police and other law enforcement agencies and officers," from taking the fingerprints and photographs of complainants and from forwarding copies thereof, pending the return of the order to show cause, and further directing that a copy of the order to show cause be served upon the defendant sheriff.
On the return day of the order to show cause, March 26th, 1945, the sheriff appeared by his solicitor, a member of the Hudson County law department. Mr. John Grimshaw, a Deputy Attorney-General, and, as such, an acting Assistant Prosecutor of the Pleas of the County of Hudson, addressed the court stating that he was "appearing in behalf of the State Police" and also requested that he be permitted "to intervene as the prosecutor of the pleas of this county." I refused the request. Mr. Grimshaw thereupon asked to be heard as amicus curiae. I granted him that privilege and he proceeded to argue on the merits of the bill, replying to the argument made by the counsel for the parties. After hearing argument, I reserved decision on the question of the continuation of the restraint pendente lite
until the filing of the brief of the Attorney-General as amicuscuriae. The brief of the Attorney-General was submitted to me on April 18th, 1945.
On April 30th, 1945, Mr. Mark Townsend, representing to the court that he appeared for the Attorney-General and the superintendent of the State Police, made another application *Page 566 
to the court on notice for leave to intervene as parties defendant. He argued that the Attorney-General and the superintendent of the State Police are "parties in interest" within the meaning of rule 13 of this court and that they are interested in upholding the constitutionality of the statute,R.S. 53:1-15 et seq.
Rule 13 of this court has no application here. It merely provides that a person having an "interest" or title which the decree will affect may apply to be made a party. "Interest" as used in the rule contemplates a property "right" or "share" and is not intended as a synonym for "concerned."
Under the statute, R.S. 53:1-15, the duty of taking fingerprints and photographs and forwarding them to the State Police devolves upon the officer making the arrest, who, in this case, is the sheriff of Hudson County. He is the only one required to act. If the sheriff fails or neglects to take the fingerprints and photographs, the State Police are not required to do so nor can they forward, publish or disseminate the same as provided by R.S. 53:1-19. It is not contended, nor could it be seriously urged, that if the arresting officer or agency fails to furnish the State Police with such fingerprints and photographs that the superintendent of State Police would be guilty of a misdemeanor for not complying with R.S. 53:1-19.
The object of this suit is to prevent the sheriff from infringing upon a personal right of privacy claimed by the complainants. They ask that the sheriff be restrained from taking their fingerprints and photographs in advance of conviction and that he be restrained from forwarding or disseminating said fingerprints and photographs in advance of conviction. The Attorney-General contends that the object of this suit is to have the statute declared unconstitutional. Such contention is a misapprehension. It may not be necessary to pass upon the constitutionality of the statute. The primary legal question presented by the bill of complaint is whether or not the complainants have a right of privacy. If such a right is found to exist, then certain incidental questions may arise; namely, whether such right is protected against invasion, either by the state or federal constitution, or both, and, *Page 567 
if the answer is in the affirmative, whether the statute violates any constitutional provision, or whether it is a proper exercise of the police power.
The Attorney-General concedes that the bill is not filed under the Declaratory Judgment Act, R.S. 2:26-66. Therefore, it is not necessary to bring the Attorney-General into court as provided in R.S. 2:26-72. With the exception of the last mentioned section of the statute, I know of no rule of law or practice which makes the Attorney-General a necessary or proper party in a suit which may turn upon the constitutionality of a statute.
The present application is admittedly motivated by the assumption on the part of the Attorney-General that the statute will be found to be unconstitutional and that, in the event of such a determination, the defendant sheriff will not appeal. Such suppositions are merely conjectural and not worthy of consideration.
It is also contended that the interest of the state will be harmed if the complainants are successful and if the sheriff fails to take an appeal. However, in self-contradiction, the Attorney-General asserts that the matter of McGovern v.VanRiper (Docket 148, page 399), now pending in this court, involves the identical questions of law. If this is correct, the Attorney-General may appeal in that suit from any findings which he may deem adverse to the interest of the state.
As already stated, the Attorney-General has been heard asamicus curiae on the meritorious questions presented by the bill of complaint herein and has filed an extensive brief in opposition to the relief sought by the complainants. He is now in court to the fullest extent permissible under our practice.
The bill of complaint herein is directed solely against the sheriff of Hudson County and properly so. No relief is sought nor could any be decreed under the frame of the bill against either the Attorney-General, as such, or as acting Prosecutor of the Pleas of Hudson County, or against the State Police. They are clearly not necessary parties. Hendershot v. Hendershot,133 N.J. Eq. 544.
The application is, therefore, denied. *Page 568