Chapin v. Wright.

---

## SARAH E. CHAPIN

*v.*

## GEORGE A. WRIGHT et al.

Twenty years' possession of the premises by a mortgagee, under his mortgage, pursuant to the eighteenth section of the statute of limitations, bars the mortgagor's equity of redemption, and the extinguishment of the mortgagor's equity effected by this statute, unlike the extinguishment effected by mere judicial action, is not subject to be waived by an incautious admission of the mortgagee.

---

On motion to strike out part of the defendant's answer, heard on notice given pursuant to No. 215 of the rules.

NOTE.—A mortgagee who enters into possession of the premises and holds uninterruptedly for twenty years without an admission in the meanwhile that his tenure is as mortgagee, may, by analogy to the statute of limitations, and in the absence of an express statute relating thereto, claim title, and the mortgagor's right to redeem is barred, *Blake* v. *Foster*, *2 B. & B. 387; Chapman v. Corpe, 41 L T. (N. S.) 22; Guthrie* v. *Field, 21 Ark. 379; Gunn* v. *Brantley, 21 Ala. 633; Arrington* v. *Liscom, 34 Cal 366; Taylor* v. *McClain, 60 Cal. 651, 64 Id. 513; Bunce* v. *Wolcott, 2 Conn. 27; Morgan* v. *Morgan, 10 Ga. 297;*

Chapin *v.* Wright.

*Mr. Benjamin A. Vail,* for motion.

*Mr. Alan H. Strong,* for defendants.

VAN FLEET, V. C.

The complainant brings this suit to quiet her title to certain land. Her bill is filed under the act of 1870. *Rev. p. 1189.* Instead of simply alleging that she is in peaceable possession of the land in question, as owner, she has given a full history of her title. It originated, as her bill states, in a mortgage made on the 21st day of June, 1830, by Lewis Wright and wife to Timothy Herbert, to secure the payment of $165 on the 21st day of June, 1831. The mortgage conveyed the fee. The mortgagee took possession of the mortgaged premises, under his mortgage, on the 30th day of April, 1836, and he and his successors in title have continued in possession ever since. Lewis Wright, the mortgagor, died intestate about forty years ago. His heirs-at-law are the defendants to this suit. Four of them have appeared and answered, insisting that the land is still

---

*Hallesy* v. *Jackson, 66 Ill. 139 ; Montgomery* v. *Chadwick, 7 Iowa 114; Crawford* v. *Taylor, 42 Iowa 260 ; Roberts* v. *Littlefield, 48 Me. 61 ; Hertle* v. *McDonald, 2 Md. Ch. 128, 3 Md. 366 ; Crook* v. *Glenn, 30 Md. 55 ; Stevens* v. *Dedham Inst., 129 Mass. 547 ; Reynolds* v. *Green, 10 Mich. 355 ; Hoffman* v. *Harrington, 38 Mich. 392 ; McNair* v. *Lot, 34 Mo. 285 ; Tripe* v. *Marcy, 39 N. H. 439 ; Miner* v. *Beekman, 50 N. Y. 337 ; Bailey* v. *Carter, 7 Ired. Eq. 282 ; Yarborough* v. *Newell, 10 Yerg. 376 ; Knowlton* v. *Walker, 13 Wis. 264 ; Ross* v. *Norvell, 1 Wash. (Va.) 14; Hughes* v. *Edwards, 9 Wheat. 489 ; Fox* v. *Blossom, 17 Blatch. 352 ; Amory* v. *Lawrence, 3 Cliff. 523 ; see Doe* v. *De Veber, 3 Allen (N. B.) 23 ; Miner* v. *Beekman, 14 Abb. Pr. (N. S.) 1; Hammonds* v. *Hopkins, 3 Yerg. 525 ; Wood* v. *Jones, Meigs 513 ; Anding* v. *Davis, 38 Miss. 574.*

But the mortgagee's acts in taking possession must be unequivocal, and therefore if he enters as a tenant of the mortgagor that relation is presumed to continue°unless rebutted, *Ayres* v. *Waite, 10 Cush. 72 ; Anderson* v. *Lanterman, 27 Ohio St. 104 ;* see *Shields* v. *Lozear, 5 Vr. 496 ; Orde* v. *Heming, 1 Vern. 418 ; Sanders* v. *Sanders, 44 L. T. (N. S.) 171, L. R. (19 Ch. Div.) 373 ; Clowes* v. *Hughes, L. R. (5 Exch.) 160 ; Edwards* v. *Wray, 12 Fed. Rep. 42 ; Stedman* v. *Gassett, 18 Vt. 346 ;* but a lease taken *after* the expiration of the twenty years is not an acknowledgment, *Jarvis* v. *Albro, 67 Me. 310 ;* see *Strong* v. *Hooe, 41 Wis. 659 ;* nor payment of rent by the mortgagor's tenant to

subject to their equity of redemption. Their claim in this regard rests upon the following facts : the complainant, on the 31st of October, 1885, made a contract to sell and convey the land, which contract required her, for the purpose of perfecting her title, to bring a suit, and obtain a decree of strict foreclosure against the heirs-at-law of the mortgagor ; such suit was subsequently brought, but was afterwards, on the 17th of March, 1886, and after the defendants had appeared to it, dismissed on the complainant's own motion. The defendants insist that the institution of the suit to foreclose, taken in connection with the agreement making it the duty of the complainant to bring such suit, constituted such an admission of their right of redemption as amounted to a conclusive waiver of any bar to such right which previously existed.

The complainant moves to strike out that part of the answer which asserts that the defendants still have a right to redeem, on the ground that the matters there alleged are impertinent, and constitute no defence. On the admitted facts of the case, it is clear that the title which the complainant now holds was, at

the mortgagee after notice from the latter to the tenant to do so. *Harlock* v. *Ashberry, L. R. (19 Ch. Div.) 539 ;* see *Smith* v. *Eggington, L. R. (9 C. P.) 45 ;* or allowing the mortgagor, (his mother) to occupy on account of her relationship, *Philbrook* v. *Clark, 77 Me. 176.*

Merely paying the taxes on vacant lands is insufficient, *Bollinger* v. *Chouteau, 20 Mo. 89 ; Moore* v. *Cable, 1 Johns. Ch. 385, 387 ; Locke* v. *Caldwell, 91 Ill. 417 ; Brown* v. *Rose, 48 Iowa 231 ;* see *Mahan* v. *Fraser, 17 U. C. C. P. 408 ; Clark* v. *Potter, 32 Ohio St. 49 ; Albright* v. *Cobb, 34 Mich. 316 ; Green* v. *Pettingill, 47 N. H. 375 ; Foulke* v. *Bond, 12 Vr. 527.*

Acts by the mortgagee's devisees or executors, as foreclosing after his death, cannot impair his rights, *Johnson* v. *Mounsey, 40 L. T. (N. S.) 234 ;* see *Heyer* *.v. Pruyn, 7 Paige 465 ; Roddam* v. *Morley, 1 DeG. & J. 1 ; Coope* v. *Creswell, L. R. (2 Ch. App.) 112 ; Crooks* v. *Watkins, 8 Grant's Ch. 340 ; Erskine* v. *North, 14 Gratt. 60.*

The ordinary exceptions to the running of the statute have also been applied to bills to redeem, as suspension by war, *Hall* v. *Denckla, 28 Ark. 506 ; Montgomery* v. *Bruere, 1 South. 266 ;* see *Reynolds* v. *Baker, 6 Coldw. 221, 229 ; Dean* v. *Nelson, 10 Wall. 158 ;* or a new promise in writing, *Hart* v. *Boyt, 54 Miss. 547 ; Mahon* v. *Cooley, 36 Iowa 479 ;* or infancy and coverture, *Proctor* v. *Cowper, 2 Vern. 376 ; White* v. *Ewer, 2 Vent. 340 ; Jenner* v. *Tracey, 3 P. Wms. 287, note ; Cornel* v. *Sykes, 1 Rep. in Ch. 193 ; Hall* v. *Caldwell, 7 Can.*

Chapin v. Wright.

one time, subject to an equity of redemption, and it is equally certain that this equity was subsequently barred by lapse of time. The defendants admit that the person holding the mortgage executed in 1830 took possession, under his mortgage, of the land in question in 1836, and that he and those who succeeded to his rights have continued in the uninterrupted possession of the land from that time up to October, 1885, a period of over forty-nine years, and that during the whole of this long period neither the mortgagor nor those standing in his rights either exercised or attempted to exercise their right of redemption. They also admit that neither the mortgagee nor those standing in his rights did, at any time during the same period, do or say anything which, either directly or indirectly, admitted or recognized that the land was subject to an equity of redemption. These admissions render it perfectly clear that for a period of over twenty-nine years prior to the 31st of October, 1885, the equity which the defendants now claim stood wholly barred and extinguished ; for it is a principle of equity jurisprudence, authoritatively settled and universally recognized, that the laches and

L. J. 42 ; Demarest v. Wynkoop, 3 Johns. Ch. 129 ; Hertle v. McDonald, 2 Md. Ch. 128, 3 Md. 366 ; Snavely v. Pickle, 29 Gratt. 27, 39 ; Auding v. Davis, 38 Miss. 574 ; Hanford v. Fitch, 41 Conn. 486 ; Wells v. Morse, 11 Vt. 9 ; or non-residence or absence from the state, Waterson v. Kirkwood, 17 Kan. 9 ; Clinton County v. Cox, 37 Iowa 570 ; Phillips v. Sinclair, 20 Me. 269 ; Whalley v. Eldridge, 24 Minn. 358 ; see Parsons v. Noggle, 23 Minn. 328 ; or fraud, Guinn v. Locke, 1 Head 110 ; but not under the English statute, Kinsman v. Rouse, L. R. (17 Ch. Div.) 104 ; Forster v. Patterson, Id. 132 ; see Rafferty v. King, 1 Keen 601 ; nor that of Alabama, Hunt v. Ellison, 32 Ala. 173, 190 ; or Georgia, George v. Gardner, 49 Ga. 441 ; or New York, Depew v. Dewey, 2 T. & C. 515, 56 N. Y. 657 ; Acker v. Acker, 81 N. Y. 143.

Express statutes limit the time for a mortgagor to redeem in England, Alabama, California, Georgia, Kentucky, Mississippi, North Carolina and Tennessee.

The following acknowledgments by a mortgagee have been held sufficient to bar him: stating an account, Palmer v. Jackson, 5 Bro. P. C. 194 ; Anon., 2 Atk. 333 ; Barron v. Martin, Coop. Eq. 189, 18 Ves. 326 ; or letters, Cutler v. Cremer, 1 L. J. (Ch.) 108 ; Vernon v. Bethell, 2 Eden 110 ; Trulock v. Robey, 12 Sim. 402 ; Stansfield v. Hobson, 16 Beav. 236, 3 DeG. M. & G. 620 ; see Marwick v. Hardringham, L. R. (15 Ch. Div.) 339 ; Ley v. Peter, 3 H. & N. 101 ; Barwick v. Barwick, 21 Grant's Ch. 39 ; Thompson v. Bowyer, 9 Jur. (N. S.)

non-claim of the rightful owner of an equitable estate, who is
under no disability, and in a case free from fraud, for a period
of twenty years, will, where the person in possession has held
adversely to such owner, without in any way recognizing his
right, constitute a conclusive bar to all right to equitable relief.
In support of a principle so generally recognized, only a leading
case or two need be cited. *Chomondeley* v. *Clinton, 2 Jac. &
Walk. 1; S. C. on appeal, Id. 189; Elmendorf* v. *Taylor, 10
Wheat. 152.*

This principle applies in all its force to the equity of redemp-
tion of a mortgagor. Twenty years' possession by a mortgagee
of the mortgaged premises, under his mortgage, without account-
ing to the mortgagor for rents or profits, or otherwise recogniz-
ing his mortgage as a subsisting lien, will, where the mortgagor
is under no disability, bar his equity of redemption. *Demarest*
v. *Wynkoop, 3 Johns. Ch. 129; 2 Jones on Mort. § 1144;
Angell on Lim. § 456.* Although there are but few statutes
limiting the time within which equitable remedies must be en-
forced, yet courts of equity have, from the earliest times, given

---

*863;* or a devise, *Lake* v. *Thomas, 3 Ves. 22; Kohlheim* v. *Harrison, 34 Miss.
457;* see *Smart* v. *Hunt, 4 Ves. 478, note;* or written contract or promise,
*Lyon* v. *McDonald, 51 Mich. 435; Mosely* v. *Crocket, 9 Rich. Eq. 339; Kerndt*
v. *Porterfield, 56 Iowa 412; Schmucker* v. *Sibert, 18 Kan. 104; Southard* v. *Pope,
9 B. Mon. 261, 264; Snavely* v. *Pickle, 29 Gratt. 27;* see *Murphy* v. *Coates, 6
Stew. Eq. 424; Ball* v. *Wyeth, 8 Allen 275; Hall* v. *Felton, 105 Mass. 516; Hay-
wood* v. *Ensley, 8 Humph. 460; Wells* v. *Harter, 56 Cal 342;* or deed, although
between the mortgagee and third parties, *Hansard* v. *Hardy, 18 Ves. 455; Price*
v. *Copner, 1 S. & S. 347; Carew* v. *Johnston, 2 Sch. & Lef. 280, 295; Jayne* v.
*Hughes, 10 Exch. 430; Lucas* v. *Dennison, 7 Jur. 1122; Cape Girardeau Co.* v.
*Harrison, 58 Mo. 90; Biddel* v. *Brizzolara, 56 Cal. 374, 64 Cal. 354; Randall*
v. *Bradley, 65 Me. 43;* or mortgage, *Palmer* v. *Butler, 36 Iowa 576;* or a bill
brought to-foreclose, *Conway* v. *Shrimpton, 5 Bro. P. C. 187; Robinson* v. *Fife,
3 Ohio St. 551;* see *Heath* v. *Pugh, L. R. (6 Q. B. D.) 345, 7 App. Cas. 235;*
or an answer in equity, *Hodle* v. *Healey, 6 Madd. 181, 1 V. & B. 536; Goode*
v. *Job, 1 El. & El. 6; Dexter* v. *Arnold, 1 Sumn. 109, 3 Sumn. 152; Stump* v.
*Henry, 6 Md. 201, 207; Erskine* v. *North, 14 Gratt. 60;* see *Coope* v. *Creswell,
L. R. (2 Ch. App.) 112; Giles* v. *Baremore, 5 Johns. Ch. 545;* (but not an ad-
mission in the answer of a nominal codefendant, *Day,*v. *Baldwin, 34 Iowa 380;*)
or receiving interest on the mortgage, *Pears* v. *Laing, L. R. (12 Eq ) 41; Cann*
v. *Taylor, 1 F. & F. 651; Chinnery* v. *Evans, 11 H. L. C. 115; Dowling* v.

Chapin v. Wright.

effect to lapse of time as a bar to the remedies which they administer, and they, as a general rule, measure the period of laches or non-claim which will be sufficient to bar an equitable action by the period fixed by the statute of limitations for the extinguishment of a similar right of action at law.   And as twenty years' adverse possession will bar a right of entry or an action of ejectment, courts of equity have, in analogy to the statute of limitations, adopted that as the period which shall be sufficient to bar an equity of redemption.   This rule, however, is a mere judicial regulation — it is founded on the maxim, *interest reipublicæ ut sit finis litium*—and, like other judicial rules, is subject to change by the power which created it, whenever that course may seem necessary for the furtherance of justice.   The courts have accordingly annexed to this rule the following important qualification : if a mortgagee in possession shall, after the equity of the mortgagor has become barred by lapse of time, admit, either by word or act, that his mortgage is still a subsisting lien, the bar previously existing will be considered to have been waived, and the equity of the mortgagor revived.   *2 Jones*

*Ford, 11 M. & W. 329 ; Fox* v. *Wright, 6 Allen* (*N. B.*) *241; Fisk* v. *Stewart, 24 Minn. 97 ;* see *Gregson* v. *Hindley, 10 Jur. 383 ; Harlock* v. *Ashberry, L. R.* (*19 Ch. Div* ) *539 ; Hutchinson* v. *Swartsweller, 4 Stew. Eq. 205 ;* or part of the principal, *Stump* v. *Henry, 6 Md. 201 ; Winchester* v. *Ball, 54 Me. 558 ; Johnson* v. *Johnson, 81 Mo. 331 ; Martin* v. *Bowker, 19 Vt. 526 ;* see *Ricker* v. *Blanchard, 45 N. H. 39 ; Cleveland* v. *Harrison, 15 Wis. 670 ;* or concealing himself so as to prevent a tender, *Waldo* v. *Rice, 14 Wis. 286 ;* see *Fritz* v. *Simpson, 7 Stew. Eq. 436 ; Rothwell* v. *Getty, 11 Humph. 136 ; Cunningham* v. *Hawkins, 24 Cal. 403 ; Wallace* v. *Stevens, 66 Me. 190.*

An acknowledgment will bind the party by relation, although not entitled to or in possession at the time it is made, if he subsequently acquires it, *Richmond* v. *Aiken, 25 Vt. 324.*

Whether mere parol admissions by the mortgagee estop him, see *Perry* v. *Marston, 2 Bro. C. C. 397 ; Whiting* v. *White, Coop. Eq. 1, 2 Cox C. C. 290 ; Reeks* v. *Postlethwaite, Coop. Eq. 161 ; Rayner* v. *Oastler, 6 Madd. 274 ; Lake* v. *Thomas, 3 Ves. 17 ; Marks* v. *Pell, 1 Johns. Ch. 594 ; Dexter* v. *Arnold, 3 Summ. 152, 160 ; Shepperd* v. *Murdock, 3 Murph. 218 ; Fenwick* v. *Macey, 1 Dana 276, 284, 287 ; Walthall* v. *Johnston, 2 Call 275 ; Hough* v. *Bailey, 32 Conn 288 ;* also, *Cholmondeley* v. *Clinton, 2 Meriv. 170, 356 ; Cheever* v. *Perley, 11 Allen 584 ; Kea* v. *Council, 2 Jones Eq. 345 ; Morgan* v. *Morgan, 10 Ga. 297, 304 ; Green* v. *Cross, 45 N. H. 574, 586 ; Wimmer* v. *Ficklin, 14 Bush 193.*—Rep.

*on Mort.* § *1163.* And an admission having this effect will be considered to have been made if the mortgagee institutes proceedings, either by suit or otherwise, to foreclose his mortgage, the reason assigned being that such act is entirely inconsistent with any pretension on his part that his possession had ripened into a title. *2 Jones on Mort.* § *1170 ; Angell on Lim.* § *458 ; Calkins* v. *Isbell, 20 N. Y. 147.* And it has also been held that an admission entitled to like effect may be made by the mortgagee offering to purchase the mortgagor's equity of redemption. *Angell on Lim.* § *458.*

Applying the rule as thus qualified to the case in hand, it would seem to be clear that the defendants are entitled to the protection they ask, unless the sufficiency of their defence is to be judged by some other rule, or the trial of the equity which they claim will necessarily involve the investigation of transactions occurring so long ago that it will be impossible for the court, in consequence either of the loss of evidence, or of the very imperfect and indeterminate character of that to which resort must be had, to ascertain the truth concerning them with that degree of certainty which will enable it to do at least approximate justice. The latter alternative need not, however, be discussed, for, in my judgment, the question, whether or not the defendants are entitled to the equity which they claim, must be decided in conformity to the plain direction of a positive law. The eighteenth section of the statute of limitations declares :

"That if a mortgagee, and those under him, be in possession of the lands, tenements and hereditaments contained in the mortgage, or any part thereof, for twenty years after default of payment by the mortgagor then the right or equity of redemption of the mortgagor therein shall be forever barred." *Rev. p. 597.*

The regulation which this statute prescribes concerns a pure matter of equity. As between a mortgagee and a mortgagor, the legal title to the mortgaged premises is in the mortgagee. Originally, it will be remembered, the most rigorous principles of the common law, respecting estates granted on condition, were applied to mortgages, and that it was, at one time, the settled law of England that if a mortgagor did not pay the money

secured by his mortgage on the very day appointed for its payment, the land, by the mere force of his default, became vested absolutely in the mortgagee freed from the condition, or, in the words of the books, "the land was taken from him forever, and so was dead to him." *2 Coke on Litt.* § *332, tit. " Estates," 205 a.* Now, however, according to the law of modern times, a mortgagor has a right, after condition broken, and at any time before his equity is lost by laches, to redeem the land which he has conveyed in pledge by paying the mortgage debt. This right, however, is a pure equity, cognizable alone by courts of equity. A mortgagor can assert it in no other forum. This statute, then, was manifestly designed to regulate and limit an equitable remedy, to fix the period within which a mortgagor must, after his mortgagee has taken possession of the mortgaged premises, exercise his equity of redemption, or lose it, and courts of equity are therefore as much bound to respect it and give effect to it as they are to observe and enforce any other legislative mandate issued to them. There can be no doubt that this statute binds this court, and that this court must take it as it finds it, and give effect to it according to its plain words, adding nothing to it and taking nothing from it.

The statute is an old one, having been passed in 1799, and stands to-day in the very words in which it was originally enacted. *Pat. Laws 354.* Its meaning is so plain that its construction has never, so far as I can discover, been the subject of doubt or discussion. It says, as plainly as language can speak, that twenty years' possession by a mortgagee, under his mortgage, after the mortgagor has made default, shall bar the mortgagor's equity of redemption, and that when his equity is once extinguished in this way, it shall remain extinguished forever. There is nothing in its words, and nothing in its spirit or purpose, which will justify even a suspicion that the legislature which passed it intended that the bar which it created should, after it becomes complete—after the mortgagee's legal estate becomes perfect by being freed from the mortgagor's equity—still be subject to be waived, at least by anything which the mortgagee might happen to do with intent to strengthen his title; on the

Chapin *v.* Wright.

contrary, I think it is evident, that what was meant was that when the mortgagor's equity was once extinguished, it should remain absolutely blotted out forever. This, I think, was Chancellor Williamson's construction of it. He said, in *Bates* v. *Conrow, 3 Stock. 137*, that twenty years' possession by a mortgagee, under his mortgage, by force of this statute, bars the mortgagor's equity of redemption, and he gave effect to this bar in that case, regardless of the fact that an application had been made to the mortgagor, after the mortgagee had been in possession for over twenty years, to convey his interest in the mortgaged premises to the mortgagee, to save the mortgagee the expense of a suit to foreclose his mortgage.

But whether my interpretation of this case is correct or not, one thing is certain : the law under consideration is a statute of repose, enacted in the interest of peace, and to promote the security and stability of titles to land by preventing litigation respecting stale claims. This being its obvious design, it would, in my judgment, be a direct violation of its most conspicuous purpose, to declare that a mortgagor might not only lie by for twenty years after his mortgagee had taken possession of the mortgaged premises, and neglect for that period to assert his rights, but that he could also remain inactive for an additional period of twenty-nine years, and still be able, in case his mortgage, should subsequently, by an incautious word or act, seem to admit that the mortgage was still a subsisting lien, to successfully assert the equity which the statute plainly intended, on the lapse of twenty years, to utterly obliterate and destroy.

It may be proper to say a word respecting the position which the parties to this litigation occupy towards each other.

The defendants seek to interpose their lost equity against a right claimed by the complainant. There can be no dispute that it is a principle of equity jurisprudence, of almost universal application, that he who asks equity must do equity, but this principle, in my judgment, has no application to this case, for, by the peremptory mandate of this statute, a mortgagor whose mortgagee has, for twenty years, been in possession of the mortgaged premises, under his mortgage, has no equity. The lapse

of that period of time, by force of the statute, extinguishes, absolutely and forever, all equitable right which he previously possessed. The defendants, therefore, have no equity to urge against the complainant.

The complainant's motion must be granted, with costs.