Coogan *v.* McCarren.

## MARY COOGAN

*v.*

## DENNIS McCARREN.

1. When a defendant in a suit in equity files a cross-bill praying affirmative relief, and afterward the complainant in the original bill procures his own bill to be dismissed, such dismissal does not render the cross-bill abortive if it states facts sufficient to entitle the complainant therein to the relief prayed. Such a bill may be properly termed an "original bill in the nature of a cross-bill."

2. A mortgagee, who had been in possession of the mortgaged premises more than twenty years after default in payment filed a bill for strict foreclosure, with the usual prayer, and the owner of the equity appeared and answered, joining in the prayer, whereupon the mortgagee moved to dismiss his bill; after argument and announcement by the court that the bill must be dismissed, but before decree signed, defendant filed a cross-bill setting out all the facts and praying redemption.—*Held*, on the authority of *Chapin* v. *Wright, 14 Stew. Eq. 438*, that the cross-bill must be stricken out.

On motion to strike out bill under two hundred and fifteenth rule.

*Mr. Warren Dixon*, for the motion.

*Mr. Gilbert Collins, contra.*

PITNEY, V. C.

This is a motion to strike out the bill under the two hundred and fifteenth rule, instead of a demurrer.

The bill is in the nature of a cross-bill, and is a continuation of the litigation dealt with in an opinion reported *sub nom. McCarren* v. *Coogan, 5 Dick. Ch. Rep. 268 ; 24 Atl. Rep. 1033.*

The bill here drawn in question was filed after the promulgation of that opinion and before the order dismissing the bill of McCarren was actually signed in accordance with the opinion. It sets out the same facts comprised in that bill: the giving of the bond and mortgage by Tomney to one Anderson for $150

and the assignment thereof to McCarren, and the death of
Tomney intestate, leaving his widow surviving; the possession
of the mortgaged premises by his widow until she died; the
taking possession by McCarren as mortgagee more than twenty
years before bill filed, and his continuance in possession as mort-
gagee to the present time. It states the heirs of Tomney as they
were stated in McCarren's bill, and shows title in complainant
to the equity of redemption of the mortgaged premises. It then
sets out the filing of the bill by McCarren, founded on the
mortgage before set out, and also a mortgage for $100, executed
by the widow of Tomney after the husband's death, and alleges
that she had no title. It then states that the McCarren bill

"claims that the sum of one hundred and fifty dollars principal money,
secured by the bond and mortgage first mentioned, together with interest from
June 1st, 1861, still remains due and unpaid to him,"

and that McCarren by said bill

"prays for an accounting by and under the direction of this court of what is
due and owing to him under said mortgage, and that the defendants in said
bill (of which the now complainant is one) may be decreed to pay to him the
said principal sum of money &c. by a short day &c., and that in default
thereof that the said defendants may be foreclosed of and from all right, title
and equity of redemption in and to the said mortgaged premises" &c.

The bill proceeds to state that complainant, as defendant to
that bill, filed her answer thereto admitting the bond and mort-
gage first mentioned and other facts stated in the bill, and setting
up in her answer her right by inheritance, devise and conveyance,
as before stated in her bill; admitting in her answer McCarren's
right to call upon the owner of the premises to redeem the first
mortgage, and praying in her answer that she may be permitted
to redeem accordingly. The bill herein proceeds to state that to
her said answer a general replication was filed and the cause
proceeded to hearing according to the practice of the court, and
that proofs were taken and closed—facts not stated in the opinion
of *McCarren* v. *Coogan*—and that it now remains undetermined,
and that McCarren had given notice to complainant, as defendant
to her bill, to dismiss his bill. The bill proceeds to state that,

Coogan v. McCarren.

by reason of the control of the suit upon McCarren's bill being in him, complainant is unable to cause the same to proceed to an accounting and a decree of redemption, and therefore resorts to this cross-bill. The prayer is that an accounting may be taken of the money due to McCarren upon the first mentioned mortgage, and of any lawful claim of McCarren upon the premises, and of the rents, issues and profits received by him, and the taxes, repairs and other lawful charges paid by him, and that the net amount due him, if any, be ascertained &c., and that she may be permitted to redeem the premises, with an offer to pay whatever may be found due to McCarren &c.

The following reasons were alleged for striking out this bill :

*First.* That it was filed after the opinion was filed giving McCarren the right to dismiss the original bill, and that it cannot operate as a cross-bill.

If by this it is meant to assert that it cannot operate as a defence to the original bill, the point is well taken. The difficulty is that Miss Coogan, the now complainant, did not " defend " the original bill in the sense of denying the right of the complainant therein to the relief he asked, but acquiesced in it. The only dispute between the parties was as to the amount due on the mortgage. She, by her answer, joined in the prayer of the bill, and by this so-called cross-bill she prays, in substance, the same relief that the original bill prayed.

If, however, by this first point it is intended only to assert that the filing of this cross-bill cannot have the effect of keeping the suit on the original bill alive as a pending suit, I am inclined to think it is well taken. But whether the pendency of this suit is essential to the validity of the cross-bill is quite another question, which will be dealt with presently.

*Second* and *Third.* That the matters set forth in the cross-bill are not the proper subject-matter of a cross-bill and relief thereunder, and that said bill alleges the same facts that are alleged and admitted, and prays the same relief that is prayed for in the answer to the original bill.

A cross-bill proper, or a pure cross-bill, is one that operates simply to defeat, or to tend to defeat, any relief on the part of

complainant, as a bill for discovery from the complainant in aid of an answer, or one setting up a release given by complainant to defendant since answer filed, or to bring in any new parties interested in the subject-matter. It may well be that such bills fall with the dismissal of the original bill, since without it there is nothing to defend, and a pure cross-bill prays no affirmative relief, and yet they may still be properly classed as cross-bills, though perhaps more properly as original bills in the nature of cross-bills. Thus, where a bill is filed for specific performance of a contract and the defendant denies the contract set up by complainant and sets up a different one, he may, by his cross-bill, pray its specific performance. Formerly he could only have this relief by a cross-bill, but the rule was relaxed by Lord Eldon so as to decree the specific performance of the contract as proven by the defendant, without a cross-bill. *Fife* v. *Clayton, 13 Ves. 546; Story Eq. Pl. § 394; Fry Spec. Perf. (2d ed.)* §§ *484, 485, 3d ed. with American notes* §§ *737, 738,* and cases cited. The case of *Bradford* v. *The Union Bank of Tennessee, 13 How. 57,* goes the length of holding that in such cases relief will be granted to the defendant without a cross-bill and against the claim of the complainant to have his bill dismissed. If this case was rightly decided, it goes a long way towards showing that I made a mistake, on the view then taken of the merits, in allowing the complainant in the original bill to dismiss it even on terms.

The cross-bill here is one which prays affirmative relief to the complainant therein upon the facts set out in it, and leaving out the element of the lapse of time, it would be good as an original bill. It would, so to speak, stand alone and need no support from the original bill. It, therefore, will stand after the original bill is dismissed.

*Fourth.* The fourth ground of the motion is, that the facts set forth in the bill fail to show either legal or equitable grounds of relief against the defendant in it.

This raises the real question to be determined. The bill shows that the defendant, McCarren, was in possession of the premises as mortgagee under the mortgage in question for more than twenty years after default in payment, and defendant's counsel

Coogan *v.* McCarren.

relies upon this fact to bar the equity of redemption, notwithstanding the deliberate admission of the original bill, which was dismissed without prejudice. This claim is based upon the provisions of the eighteenth section of the statute of limitations, which enacts that if the mortgagee and those under him be in possession of the lands, tenements and hereditaments contained in the mortgage, or any part thereof, for twenty years after default of payment by the mortgagor, then the right or equity of redemption of the mortgagee therein shall be forever barred. *Rev. p. 597.*

The complainant, on the other hand, relied upon the fact that the defendant had filed a bill for strict foreclosure, and upon the opinion of *McCarren* v. *Coogan.* Defendant cited no authorities on this point; but my attention has, since the argument, been called to the case of *Chapin* v. *Wright, 14 Stew. Eq. 438,* which seems precisely in point in favor of the defendant, and is binding on me. There the mortgagee had been in possession more than twenty years after default in payment, and, as here, wishing to make conveyance of the premises, filed a bill for strict foreclosure, to which the mortgagor appeared. The mortgagee then dismissed his own bill and filed a bill to quiet title, to which the mortgagor set up the previous bill to foreclose by way of answer, and, on motion, that defence was stricken out on the ground that the statute of limitations took away all equity on the part of the mortgagor, and the filing of the bill to foreclose by the mortgagee was not such a waiver of the statute as would bind him.

The bill must be stricken out.