Henry E. Brinkerhoff and wife mortgaged a tract of land to Abram D. Brower and gave a second mortgage thereon to Maria De Ronde. He died seized leaving him surviving his widow Sarah and three children, Harry Brinkerhoff, Mary E. Blanchard and Ella W. Blanchard. By his will he gave his wife an estate for life in his real estate and directed sale of the tract in question and after the death of his wife, he gave one-third of the proceeds of sale to his daughter, Mary, and directed his executor to invest the remaining two-thirds and pay the income therefrom to his children, Ella and Harry, for their respective lives. At the death of Ella he gave to her children one-half of the proceeds of sale and at the death *Page 441 
of Harry he gave to his children the other half of said proceeds.
A bill to foreclose was filed by Margaret A. Brower, then the owner of the first mortgage, naming as party defendants the executrix of Maria de Ronde as owner of the second mortgage; Sarah Brinkerhoff, individually and as executrix of Henry E. Brinkerhoff, and said son, Harry Brinkerhoff. Neither Mary E. Blanchard, nor the heirs at law of Ella W. Blanchard (who had died intestate about a month after her father) were made defendants. A final decree was entered ordering sale to satisfy to complainant Brower $5,913.35 with interest and costs and to defendant de Ronde $1,222.50 with interest and costs. Execution was issued and thereafter, by assignment, Barbara Silkworth became the owner of the Brower bond, mortgage and decree and of the de Ronde bond and mortgage. In September, 1905, the sheriff sold the mortgaged premises to Mrs. Silkworth for $2,000, his deed to her being recorded October 2d 1905.
In White v. Brinkerhoff, 109 N.J. Eq. 553, our court of errors and appeals decided that the will of Henry E. Brinkerhoff did not dispose of the fee of his real property pending sale under the power contained in the will; that the legal estate in said property descended to the testator's three children as his heirs-at-law, subject to the life right of the widow and subject to be divested by the power of sale, which was never exercised; that by the Brower foreclosure proceedings the one-third interest of Harry Brinkerhoff was sold by the sheriff and that the two-thirds interest held by the other heirs-at-law was not affected.
By warranty deed dated October 2d 1905, Mrs. Silkworth conveyed the lands in question to Leopold Brandenburg, who, by his warranty deed dated September 15th, 1909, conveyed to Lint, Butscher Ross, Incorporated. That corporation by warranty deed dated February 25th, 1910, conveyed to complainant and complainant laid the tract out into blocks and lots, filed maps thereof, opened and graded streets, built approximately one hundred and fifty houses and conveyed vacant and improved lots by warranty deeds to several hundred purchasers. By deed dated August 19th, 1927, complainant *Page 442 
reconveyed all its unsold lots (being sixteen in number), to Lint, Butscher Ross, Incorporated The complainant filed its bill September 19th, 1932, to quiet title to the whole tract conveyed to it in 1910 and named as defendant a corporation which is the record owner of the two-thirds interest not cut off by the Brower foreclosure.
Complainant bases its right to maintain this suit on section 8 of the act to quiet title. Comp. Stat. p. 5403. It does not and cannot claim title by twenty years adverse possession because such possession must have its origin in an unlawful entry.Folkman v. Myers, 93 N.J. Eq. 208. Here the possession of complainant and those who preceded and succeeded it in title, was peaceable upon the mistaken belief that each grantee had good title. The complainant's claim is that the outstanding two-thirds record interest has been barred and extinguished by possession by the mortgagee (Mrs. Silkworth) and her successors in title for more than twenty years and complainant stands on section 18 of the act for the limitation of actions (Comp. Stat. p. 3170), which provides that if a mortgagee and those under him, be in possession of the mortgaged lands for twenty years after default in payment of the mortgage, then the right or equity of redemption therein shall be forever barred. The complainant's position is that Mrs. Silkworth, as purchaser at the Brower foreclosure sale, became the owner and entitled to possession of an undivided one-third interest in the land and that as the owner of the Brower and de Ronde mortgages on the other two-thirds interest, she was entitled to take peaceable possession of said two-thirds interest; that her warranty deed to Brandenburg conveyed not only her record title but was also, in effect, an assignment or conveyance of her bond and mortgage interest and gave her grantee all the right and interest in the land which she had, including the right to take and hold possession as mortgagee; that the subsequent warranty deeds in the chain of title transferred to each grantee the right to hold the lands as mortgagee in possession and that when Brandenburg, complainant and complainant's grantees had held possession for twenty years, the right of the outstanding two-thirds interest to redeem from the mortgage was barred and their title was at an end. *Page 443 
It does not appear that Mrs. Silkworth ever entered into possession of the land. If she had, it would seem that having purchased an equity of redemption, her possession would relate to the title acquired by virtue of the foreclosed mortgages (footnote, Chapin v. Wright, 41 N.J. Eq. 438) although had she entered and continued in possession, it might be argued with some effect that after the death of Sarah Brinkerhoff, such possession would be as mortgagee as against the equity of redemption of the interests not cut off by the foreclosure.Shields v. Lozear, 34 N.J. Law 496. I have no doubt, however, that she believed her entire mortgage interest had merged in the title conveyed to her by the sheriff's deed and that she also believed she was conveying good title to the whole fee by her warranty deed to Brandenburg. What became of the bonds and mortgages assigned to her does not appear and there is no proof that she delivered them to Brandenburg, either as muniments of title or as subsisting liens. If she had intended them to continue as liens, so that further rights might be asserted under them, she would have referred to them in her deed. Nor have I any doubt that Brandenburg and succeeding grantees took title and entered into possession in the belief that each was acquiring good title in fee; none ever claimed to be in possession as mortgagee and it is elementary that an entry as mortgagee requires some publicity. Cohn v. Plass, 85 N.J. Eq. 153.
Since no grantee in the chain of title is shown to have received the mortgages either by assignment, delivery or reference thereto, or to have asserted possession as mortgagee, and every grantee having entered into possession under a warranty deed, their possession, in the absence of any evidence or indication to the contrary, must be presumed to have been pursuant to their respective deeds. Johanson v. Atlantic City Railroad Co.,73 N.J. Law 767. It seems quite clear that complainant could not have thought it was holding possession as mortgagee, and that it was transmitting such right by its deeds conveying separate lots to many grantees between 1910 and 1925, because it cannot be believed that it intended, or that its grantees expected, that with each warranty deed a fractional share in the mortgages was assigned, upon the idea of transferring *Page 444 
a mortgagee's right of possession to each lot owner. The legal fact is that Brandenburg and complainant and all complainant's grantees up to September 18th, 1916, when Sarah Brinkerhoff died, could not have been mortgagees in possession, because the mortgages foreclosed in the Brower suit had merged in the decree for sale, at least to the extent of the life estate of Sarah Brinkerhoff and Brandenburg, complainant and complainant's grantees, up to the date of her death, had possession of the entire fee as owners of an estate for her life.
Complainant's sole claim to ownership of the outstanding two-third interest not cut off by the Brower foreclosure, being based on the assertion of more than twenty years' possession as mortgagee and finding adversely to that claim, it is unnecessary to consider other points raised by the defendant in opposition to complainant's cause of action. *Page 445