This bill is to compel the defendant to perform her contract to purchase the complainant's land.
The contract provides that the title shall be marketable and,inter alia, that it shall not have been derived from an "adverse or color of title possession." It is agreed that the record title since 1854 is clear and that the record title owners were in possession during their respective ownerships since 1854. To escape performing her contract the defendant searched the title back seventy-nine years to find a flaw and found none. She claims, however, that eighty years ago, one Losey, in whom the complainant's title has its source, held by adverse possession, which relieves her of performance. Title is admitted to have been in one Page. Page gave a mortgage to Losey in 1852, payable in one year. Losey conveyed the mortgaged premises in 1854.
The defendant's contention that Losey's and his successors' title was by adverse possession is not sound. The title was derived by Losey through the mortgage from Page, which conveyed the fee subject to being defeated, if the condition of the mortgage, to pay the debt at the appointed time, be fulfilled. Losey's and his successors' possession was in right of the mortgage. Possession added nothing to the title; it served to bar the mortgagor's right of redemption, which was lost to him after twenty years, the time limited by section 18 of the statute of limitations (Comp Stat. p. 3170) for redemption. The title, which up to that time was defeasible, became absolute. Chapin
v. Wright, 41 N.J. Eq. 438; Cohn v. Plass, 85 N.J. Eq. 153.
See, also, Woodside v. Adams, 40 N.J. Law 417; Blue v.Everett, 56 N.J. Eq. 455; Colton v. Depew, 60 N.J. Eq. 454.
The defendant will be decreed to perform. *Page 347