It appears from a stipulation filed by counsel representing the complainants and the defendants, that Peter Cooper acquired the premises described in the bill of complaint by deed dated August 22d 1895, and recorded in the Sussex County clerk's office in Book R-10 of Deeds, on page 48, c.
On April 1st, 1910, Cooper and his wife, Almira, executed and delivered a bond and mortgage to Joseph R. Rose, the father of the complainant, Harold Rose, in the amount of $700, covering the premises aforesaid. The mortgage was recorded in the office of the clerk of Sussex County in Book O-4 of Mortgages, on page 498,c. It became due and payable within two years of its date.
Cooper defaulted in the payment of the bond and mortgage two years from the date of the execution thereof, whereupon the mortgagee took possession of the premises and continued in possession thereof until his death on August 8th, 1931. *Page 211 
Rose left a last will and testament which was probated before the surrogate of Sussex County, and is recorded in Book W of Wills, on page 203, c. The Sussex and Merchants National Bank of Newton, New Jersey, qualified as executor.
The executor rented the premises aforesaid from the date of its qualification up to October 7th, 1936, when it conveyed the premises to complainant, Harold Rose, son of the testator. The conveyance is recorded in the Sussex County clerk's office in Book 352 of Deeds, on page 369, c.
The complainant aforesaid, or his agents, servants and tenants, have been in possession of the premises from October 7th, 1936, to date. From 1912 to date, all taxes, insurance, repairs and maintenance of the premises have been paid for by the decedent Joseph R. Rose, by his executor aforesaid, and by Harold Rose, the complainant; and also they have collected all rents, issues and profits from the premises.
On November 16th, 1946, the complainants entered into a written agreement with Howard D. and Ruth M. Maxwell, husband and wife, to convey to them on December 2d 1946, by warranty deed for the consideration of $3,250, the land and premises aforesaid. The defendants paid $100 to the complainants as a deposit at the time of the execution of the agreement, and then entered into possession of the premises which they have since continued to occupy.
In accordance with the terms of the agreement the complainants tendered a warranty deed conveying the premises aforesaid to the defendants which they refused to accept contending that the complainants did not have a free and clear title.
The complainants now seek a specific performance of the agreement aforesaid.
The facts as presented by the stipulation herein indicate that beyond doubt the complainants are vested with a fee-simple title.R.S. 2:65-14 provides: "If a mortgagee or those holding under him shall be in possession of the real estate specified in the mortgage, or any part thereof, for twenty years after a default of payment by the mortgagor, the right or equity of redemption in the mortgage shall be forever barred." In the instant case, since the mortgagee *Page 212 
and those holding under him, his executor, The Sussex and Merchants National Bank, and the complainant, Harold Rose, have been in continued possession of the mortgaged premises since 1912, and the mortgagor's default and failure to redeem the premises within 20 years from the default, it follows that the mortgagee and those under him hold the fee-simple title to the premises.
A mortgagee in possession for 20 years after default derives title from the mortgagor, and such possession bars the mortgagor's right of redemption. See Roseville Building and LoanAssociation of City of Newark v. Klenen, 115 N.J. Eq. 345;171 Atl. Rep. 146, where the court decreed specific performance of a contract to purchase where it was found that the seller's title, although once defeasible, became absolute when the mortgagor's right to redemption was barred after twenty years.
See, also, Bates v. Conrow, 11 N.J. Eq. 137; Chapin v.Wright, 41 N.J. Eq. 438; 5 Atl. Rep. 574; Coogan v. McCarren,50 N.J. Eq. 611; 25 Atl. Rep. 330; Cohn v. Plass, 85 N.J. Eq. 153; 95 Atl. Rep. 1011; Brown v. Berry, 89 N.J. Eq. 230;108 Atl. Rep. 51.
In the circumstances, the complainant is entitled to the relief sought.