RYKE J. SUYDAM and EPHRAIM WILLIAMSON and ROSETTA, his wife, executors of Daniel Davison, deceased, *vs.* HENRY JOHNSON and SARAH, his wife.

1. The inquiry when the cause is heard upon a plea, is substantially as if the complainant had *demurred* to the plea.

2. If the complainant deems the plea bad, the case goes to hearing upon the plea; if good, but not true, he takes issue upon it and proceeds as in case of an answer.

3. The subject of inquiry is not the mere technical form of the plea, but the sufficiency of its averments to sustain the defence; whether assuming all the facts properly set out in the plea to be true, it presents a valid defence.

4. The pendency of a former suit being pleaded in bar, the defendant may state the pendency and object of the former suit, and aver that the present suit was brought for the same matters; or he may omit the averment that the suits are for the same subject matter, provided he state facts sufficient to show that they are so.

5. A complainant cannot compel a demurrer upon the facts as stated in the bill, if they are imperfectly or inadequately stated. The defendant

must be at liberty to plead the facts upon which he relies for his defence, in such form and with such detail as to raise the real question which he desires to present.

6. An award constitutes no valid defence to an action, unless it clearly appear that the subject matter of the suit was within the award.

---

The facts essential to an understanding of the case are fully stated in the opinion of the Chancellor.

*Strong,* for complainants, cited *Story's Eq. Pl.,* § 660.

*A. V. Schenck,* for defendants, cited *Nix. Dig.* 99, § 23, 24; *McEwen* v. *Broadhead,* 3 *Stockt.* 129; *Flagg* v. *Bonnel,* 2 *Stockt.* 82; *Cooper's Eq. Pl.* 280; *Kyd on Awards, ch.* 8, *p.* 381; *Farrington* v. *Chute,* 1 *Vernon* 72.

THE CHANCELLOR. To a bill for relief, the defendants pleaded an award in *bar.* The cause was set down for hearing and heard upon the plea. The argument involved both the merits of the plea and the proper subjects of inquiry under it. It was insisted for the defence that the only proper subject of inquiry is whether the plea is in proper form, and that if it is, the plea must necessarily be sustained. The question is not strictly whether the plea is in proper form, but whether in the language of the statute the plea be good; that is, whether upon the face of the plea it presents, if true, a valid defence to the action. The inquiry when the cause is heard upon the plea, is substantially as if the plaintiff had demurred to the plea. The question is not whether the plea is true, but whether, if true, it is a good defence. This is the obvious meaning of the statute. If the complainant deems the plea bad, the case goes to hearing upon the plea. If he conceives the plea to be good though not true, he takes issue upon it, and proceeds as in case of an answer. *Nix. Dig.* 99, § 24; *Flagg* v. *Bonnel,* 2 *Stockt.* 82; *McEwen* v. *Broadhead,* 3 *Stockt.* 129.

The subject of inquiry is not the mere technical form of the plea, but the sufficiency of its averments to sustain the

K *

defence: whether it is good both in form and in substance; whether, *viz.* assuming all the facts properly set out in the plea to be true, it presents a valid defence. This is the real meaning of the Chancellor in the cases cited, though the language used admits of misconstruction. The extent of the inquiry must therefore depend upon the structure of the plea itself. If the pleader confine himself to a simple and direct averment of the facts essential to constitute the plea, the inquiry is within very narrow limits. But if, instead of this, he sets out facts and circumstances from which he asks the court to infer the fact necessary to sustain his plea, the inquiry necessarily takes a wider range, and the court must determine whether the facts stated are tantamount to a direct averment of the fact, or serve to establish the fact essential to the validity of the plea. And if the pleader go one step further, and not only spread upon the record the facts upon which he relies to establish the validity of his plea, but the result of those facts, or the inference which the pleader draws from the facts, the court, in deciding upon the validity of the plea, must be controlled by the facts stated, and not by the averment of the plea as to the result of those facts.

The defendant pleads the pendency of a former suit in bar. He may content himself with stating the pendency and object of the former suit, and averring that the present suit was brought for the same matters. The ordinary form will be found in *Beames' Pleas* 330; *Equity Draftsman* 658; *Curtis' Precedents* 170. Or he may omit the averment that the suits are for the same subject matter, provided he state facts sufficient to show that they are so. *Flagg* v. *Bonnel,* 2 *Stockt.* 82.

The defendant in this case has spread upon his plea the substance of a former bill in this court. He has set out in full the submission and the award, and then avers that the subject of this suit is within the award. Now, whether it is or is not within the award, must obviously depend upon the facts stated upon the plea, admitting those facts to be truly

stated. That is really the question now in controversy be-
tween the parties.

The difficulty in the case has grown out of its complicated
character and the peculiar structure of the pleadings. The
complainants set out in their bill the history of a long and
involved controversy between the parties, including the award
which is made the subject of the plea. It is a ground of ob-
jection to the plea that it states no new matter not apparent
upon the bill, and that the proper relief was by demurrer.
But a complainant cannot compel a demurrer upon the facts
as stated in the bill, if they are imperfectly, or inadequately
stated. The defendant must be at liberty to plead the facts
upon which he relies for his defence, in such form and with
such fullness of detail as to raise the real question which he
desires to present. The question certainly, by a different
character of pleading, might have been presented more
clearly and with less embarrassment. But although the
plea is encumbered with matter not pertinent to the defence,
I prefer to dispose of the plea not on any technical ground,
but to decide the real question at issue between the parties.
That question is whether the submission and award do in
fact include the subject matter of this suit.

The controversy grew out of the settlement of the estate
of Daniel Davison. The testator died in 1855, leaving,
among other children and heirs-at-law, three daughters;
Rosetta, who has since intermarried with Ephraim William-
son, Elizabeth, the wife of Ryke J. Suydam, and Sarah, the
wife of Henry Johnson, who were also devisees under his
will. He appointed his unmarried daughter Rosetta, and
his sons-in-law, Suydam and Johnson, his executors, who
proved the will and took upon themselves the burden of its
execution.

Sarah Johnson had previously been married to Noah Ap-
plegate, who was deceased, leaving two children, Daniel and
Elijah; the latter being a minor. His estate, amounting to
$1600, was in the hands of the testator, Daniel Davison. Of
this sum Sarah Johnson, as widow, was entitled to one-third,

and her two children to the remaining two-thirds. She released her interest in favor of her children, who thereupon became creditors of the estate of the testator in the sum of $800 each. The real estate was sold by his executors. Daniel Applegate, one of Sarah Johnson's sons, became the purchaser. His share was deducted from the purchase money of the estate. The share of Elijah was secured by a mortgage on the farm, given to Sarah Johnson as guardian of her son Elijah. She was not in fact the guardian of her son. The bill alleges that the arrangement was made with the consent and approbation of her husband, and upon her promise to take out letters of guardianship for her son. The money was lost, the mortgage proving worthless. After the minor came of age, he made a will giving his whole estate, real and personal, to his mother, and appointing his father executor. The executor having renounced, an administrator with the will annexed was appointed. A suit at law was brought by him to recover the $800 due from the estate of the testator, Daniel Davison. The executors having settled their accounts, the suit was brought against the devisees and heirs-at-law. A bill in equity was filed, among other things, for an injunction to restrain that suit. Pending these suits the submission and award in question were made.

The submission includes three points:

1. Whether the administrator of Elijah Applegate had any claim against the devisees of Daniel Davison for moneys received by him from the estate of Noah Applegate.

2. Whether Johnson and wife had any lawful demand in right of the wife against said devisees, for moneys received by Daniel Davison from the estate of Noah Applegate.

3. Whether Johnson and wife had any lawful demand in right of the wife, against Williamson and wife and Ann C. Vanderveer, for interest upon a bond and mortgage given by Daniel D. Applegate.

There is nothing in the submission which can include the subject matter of this suit.

The question involved in it could not, under the terms of the submission, have been submitted to, or decided by the arbitrators. If there is anything in the language of the award which can by possibility bear a broader interpretation, it should be construed in reference to the power conferred. The administrator of Elijah Applegate had a clear right of recovery which could not be affected by any real or supposed equity between Sarah Johnson and these complainants.

The facts stated in the plea constitute no bar to the suit. Nothing could be gained by a reference to a master. The question must be decided upon the facts now before the court. An exception to the master's report, if made by either party, would present the same question again for decision here.

The plea is overruled.