PETITION OF DAVID MATHEWSON & HORACE C. ARNOLD, for an Opinion of the Court.

A will after directing the payment of debts and expenses and ordering certain outlays, contained bequests both specific and pecuniary, and closed with a residuary clause which gave " all the rest, residue, and remainder of the estate and property, not hereinbefore disposed of " . . . . "of whatsoever name and nature, and wherever the same may be," to H. C. A., who was a son of the testatrix, and was named as executor :

The personalty of the estate sufficed for the debts, expenses, and specific legacies, but was insufficient to pay the pecuniary legacies in addition :

*Held,* that the pecuniary legacies were a lien on the realty of the estate.

*Held,* further, that this lien should be enforced in equity.

*Held,* further, that the court would not, from the implied lien, imply a power in the executor to sell the realty when this implied power was not necessary to carry out the will.

*July* 13, 1878.  DURFEE, C. J.  This case is submitted under the statute, Pub. Laws R. I. cap. 563, § 16, April 20, 1876, on an agreed statement subscribed by David Mathewson, adminis-

trator on the estate of Elmira M. Streeter, with her will annexed, and by Horace C. Arnold, residuary devisee under the will.

The will first directs the payment of debts and expenses and an outlay of money on a burial ground. It then makes certain bequests, specific and pecuniary, to the amount of several thousand dollars. Then follows the residuary clause giving " all the rest, residue, and remainder of the estate and property, not hereinbefore disposed of " . . . . "of whatsoever name and nature, and wherever the same may be," to Horace C. Arnold, a son of the testatrix, who is named as executor.

The will was made September 27, 1877. The testatrix died October 6, 1877. She left property real and personal. The personal property is sufficient to pay debts and expenses and to satisfy the specific legacies, but not the pecuniary legacies in addition thereto without resort to the real estate, which consists of several tracts of land.

The first question is whether the pecuniary legacies are a lien or charge on the real estate so that it may be resorted to for their satisfaction. We answer the question affirmatively. The residuary clause blends the real and personal estate in one fund, and gives only what remains after the debts, expenses, and legacies are paid. *Gould* v. *Winthrop*, 5 R. I. 319, and cases there cited; *Lapham* v. *Clapp*, 10 R. I. 543; *Lewis* v. *Darling*, 16 How. U. S. 1; *Francis* v. *Clemow*, Kay, 435; *Peacock* v. *Peacock*, 13 W. R. 516. This is a construction which has not always been accepted. *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Gridley* v. *Andrews*, 8 Conn. 1; but it is well supported on authority, especially when, as in the case at bar, the residuary clause is not preceded by any devise of real estate, or when, as in the case at bar, the residue of the entire estate " not hereinbefore disposed of " is given, and the executor is himself residuary devisee. *Van Winkle* v. *Van Houten*, 2 N. J. Eq. 172; *Dey* v. *Dey's Administrator*, 19 N. J. Eq. 137; *Rafferty* v. *Clark*, 1 Bradf. 473; *Hassel* v. *Hassel*, 2 Dick. 527.

The second question is whether the administrator has authority to sell the real estate to pay the legacies. In other words, the question is whether such a power can be implied from the charge or lien which is implied. The question was considered

but not finally decided in *Potter* v. *Brown*, 11 R. I. 232. The decisions on the question are conflicting, though the more recent English cases are in favor of the implication. If the power were necessary to carry out the will, we should not hesitate to find it implied. But it is not necessary so long as this court is open for the enforcement of the charge in equity at the suit of the legatees. We think it is better, for reasons which are intimated in *Potter* v. *Brown*, that the charge should be enforced by suit, where all questions can be duly adjudicated, and all interests protected, rather than by the executor or administrator *cum testamento annexo* proceeding summarily under a power implied from a charge which is itself implied. Our answer, therefore, to the second question is in the negative.