AMELIA HENRIETTA MOORE et al.

*v.*

MARY F. WEARS et al.

[Submitted March 19th, 1917. Determined March 24th, 1917.]

1. A bill for partition by devisees should not be entertained if the substituted trustee of the property in question has a power of sale over said property.

2. In this case the trustee has, by implication, the power to sell the realty in question.

On hearing on motion of defendants to strike out complainants' bill for partition.

*Mr. Edmund H. Reeves,* for the motion.

*Mr. Walter H. Bacon, contra.*

LEAMING, V. C.

The bill is filed by certain devisees of Isaiah C. Wears, deceased, and is filed for partition of real estate owned by complainants' testator at his decease.

Other devisees of testator now move to dismiss the bill on the ground that the will and codicil of testator confer upon the trustee who has been substituted for the trustee named in the will power of sale of the real estate of which partition is sought.

It is obvious that the bill should not be entertained if the substituted trustee is clothed by the will with a power of sale of the real estate described in the bill. *Cahill* v. *Cahill, 62 N. J. Eq. 157; Slory* v. *Palmer, 46 N. J. Eq. 1; Condict* v. *Condict, 73 N. J. Eq. 301.* This is conceded by complainants.

Nor am I able to doubt that the will and codicil of testator clothe the substituted trustee with power of sale of testator's real estate.

By the will and codicil of testator one-third of the net income, rents, issues and profits of his entire estate (except certain personal property specifically bequeathed) is given to his widow for life, such net income to be paid to her quarterly by testator's executors. Subject to this provision in behalf of the widow testator's entire estate—consisting of real and personal property—is devised and bequeathed to a trustee in trust that the trustee shall keep the same safely invested and pay the net income of one-third thereof to each of testator's three daughters during their respective lives in equal quarterly payments, and at the decease of each of them to pay over one-third of the principal of the trust estate to the child or children of the one so dying; as to two of the daughters of testator the will further provides that in case of their decease without issue, the trustee shall pay over the one-third of the principal so held in trust for such daughter to certain specified persons in proportions specifically stated. The will also provides that the trustee "shall have the right from time to time as often as it becomes necessary to change the investments." The two of the daughters whose shares are directed to be paid to certain collaterals in the event of the death of these daughters without issue are now deceased and both died without issue; the other daughter is alive.

It does not appear by bill that the widow of testator is deceased; but it has been stipulated by counsel that she is now deceased and that the bill shall be treated as containing that averment.

It thus appears that the fee of all of the real estate of testator is vested in the substituted trustee for the purposes of the trust, and that by reason of the decease of the widow of testator the duties of management and distribution of the entire estate have fallen to the substituted trustee.

In defining the duties of the trustee in behalf of each of two of the daughters of testator the language of the will is that "her said one-third share to be kept safely invested and the net income thereof to be paid to my said daughter for and during all the term of her natural life in equal quarterly payments;"—and at her decease "to pay over the principal [one-third of the entire estate] of said trust estate to the child or children of my said daughter"—"but in case my said daughter shall die without leaving any issue surviving her, then upon the further trust to pay over the said principal of said one-third as follows:" Similar duties of the trustee are imposed as to the one-third share of the other daughter but in language less significant in determining whether testator intended to confer upon the trustee a power of sale of the real estate. The clause of the will expressly giving to the trustee the right "from time to time as often as it becomes necessary to change the investments" has relation to the entire trust estate.

The authorities in this state are uniform to the effect that trust duties of the nature of those imposed by the will here in question necessarily carry with them an implied power of sale. The fee is given to the trustee; the trust property comprises real and personal property; the trustee is directed to keep the property "safely invested," and is expressly given the right to change the investments from time to time; at the death of each of the three life beneficiaries the trustee is directed to "pay over" the principal of one-third of the estate to the issue of the life beneficiary so dying; as to two of the three life beneficiaries the trustee is further directed to "pay over" one-third of the princi-

pal to other specified persons in the event of the death of the life beneficiaries without issue; and as to one fractional share so to be paid over in the event of the death of one of the life beneficiaries without issue the trustee is directed to retain it in trust for the person named until he arrives at the age of twenty-one years. These duties to keep the property safely invested and to change investments and to divide and pay over fractional parts of the principal in various contingencies, when imposed upon a trustee to whom blended real and personal property is thus given, clearly indicate an intention that the real estate is to be converted, because the duties imposed upon the trustee in the execution of the trust are inconsistent with the existence of the property in the form of real estate; there is accordingly an authority to sell bestowed upon the trustee by implication. *Belcher* v. *Belcher, 38 N. J. Eq. 126,* and *Cook* v. *Cook (N. J. Ch.), 47 Atl. Rep. 732,* are conclusive to that effect.

It follows that complainants' bill for partition cannot be entertained.