JAMES V. BAKER, complainant-appellant,

*v.*

JOSEPH A. BAKER et al., defendants-respondents.

[Decided February 19th, 1925.]

Where a decree orders land to be conveyed to A upon payment by him of $1,500, A obtains no title to the land until he has paid the money, and, therefore, has no standing to bring a suit for partition of the lands before such payment.

On appeal from a decree advised by Vice-Chancellor Ingersoll.

*Messrs. Cole & Cole,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondents.

The opinion of the court was delivered by

KALISCH, J.

The appellant appeals from a decree in the court below, dismissing his bill for partition of certain premises in the town of Hammonton. The facts are that prior to September 20th, 1917, the appellant was the owner of an equal undivided one-third interest in the land in question. On the aforementioned date the appellant conveyed his interest therein to Joseph A. Baker, his brother.

Subsequently, Joseph, at the request of the appellant, paid out, at the latter's request, $1,500. The nature of the transaction was in dispute, between the brothers, and led, finally, to a bill being filed by the appellant in the court of chancery, on December 9th, 1921, against the respondents, to recover, to the appellant, an equal undivided one-third interest in the property in question. The cause came on for a hearing before Vice-Chancellor Leaming, and eventuated in a decree for the appellant to this effect: "That defendant convey to complainant [appellant here] an equal undivided one-third interest in and to the premises described in the bill of complaint, free and discharged of any lien or encumbrance created by or against him since the date of said deed of September 20th, 1920, so far as complainant's equal undivided one-third interest is concerned, upon complainant's paying to defendant the sum of $1,500, with interest, from the date of such payment by defendant for the benefit of complainant, which sum, with interest, is made a lien upon said premises" * * *.

The appellant, so far as it appears, never complied with the condition contained in the decree, and there is no pre-

tense that there is anything on record, or that there was any act done in pursuance to the decree, which was, in law or in equity, equivalent to a reconveyance of the property to the appellant and the investing of title in him, thereto.

But, notwithstanding this situation, the appellant filed a bill for partition, on May 5th, 1923, alleging that he was seized and entitled to one-third equal undivided part of the premises in question. The proof failed to establish this essential prerequisite to the filing of the bill. The appellant, admittedly, relied on the decree directing a conveyance to be made to him upon condition that he pay to the respondent $1,500, with interest, as entitling him to bring a suit for partition, but that direction depended upon the appellant, first, complying with the condition. It is true that the appellant claims that he made a tender of the amount due to the respondent, but this is disputed, and it therefore became incumbent upon the appellant to tender the amount due, in the court of chancery and to apply there for the enforcement of its decree, freed from the condition annexed thereto. The appellant, under the facts of the case, had neither a legal nor an equitable title to the premises. Section 45 of the Chancery act (*1 Comp. Stat. p. 426*) provides: "Where a decree of the court of chancery shall be made for a conveyance, release or acquittance of lands or any interest therein, and the party against whom the said decree shall pass, shall not comply therewith, by the time appointed, then such decree shall be considered and taken, in all courts of law and equity, to have the same operation and effect, and be as available as if the conveyance, release or acquittance had been executed conformably to such decree," &c.

Now, it is quite plain from a reading of the decree, advised by Vice-Chancellor Leaming, that no conveyance was to be made to the appellant until after he performed the condition upon which the direction for a conveyance was made to depend, and it appearing that the condition precedent had not been performed by the appellant, he took nothing by the decree.

The appellant was in no position to invoke section 45, *supra,* to his aid, for the reason that the decree for a conveyance was not to go into effect until he performed the condition precedent.

The respondents, according to the terms of the decree, and against whom the decree passed, were under no legal obligation to make a conveyance. The decree, with the appended condition, does not fall within section 45, and did not operate as a conveyance. The appellant had neither, at law nor in equity, such an interest in the premises as to entitle him to maintain a suit for partition. *Smith* v. *Gaines, 39 N. J. Eq. 545; Kloepping et ux.* ads. *Stellmacher, 36 N. J. Law 176* (at *p. 180*).

The decree of the court of chancery dismissing the bill of complaint is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.