This is a partition suit. On September 19th, 1872, Conrad Winter, the then owner in fee-simple of the property in question, together with his wife, Margaret, executed and delivered a mortgage thereon to Jane Scott, to secure the payment of $3,000 in five years from that date. By means of various mesne conveyances, all of which were made subject to said mortgage, the property in question was ultimately acquired in 1878 by one Albert E. Frost. In the year 1880, and while said Frost was still the owner of said property, Jane Scott, the mortgagee, entered into possession thereof under and by virtue of her said mortgage, after default had been made in the payment of said mortgage. The possession, thus acquired, was uninterruptedly continued by her up until 1907, during all of which time she paid the taxes thereon, which were assessed in her name, and received and retained the rents, issues and profits therefrom, without in anywise accounting to the mortgagor therefor or otherwise recognizing the mortgage as a subsisting lien.
Default having been made in the payment of the taxes assessed against said property for the year 1906, the township of Matawan, by its collector of taxes, duly sold the property in question on December 14th, 1907, to one Edward H. Warker, but only for the term of thirty years from the date of said tax sale. Warker subsequently conveyed the interest, thus acquired by him, in said property to one John Good, who, in turn, on May 11th, 1921, conveyed said interest therein to Leo Geisler and Lina Geisler, two of the present defendants.
Jane Scott, the mortgagee in possession, whose husband predeceased her, died intestate in 1928, leaving her surviving her daughter, Madeline, the present complainant, and one son, Frederick, who died after the institution of the present suit and for whom Edward T. O'Shea, to whom he had devised *Page 197 
his entire interest in the property in question, was subsequently substituted as a party defendant.
Being presently in possession of said premises under and by virtue of the several mesne conveyances hereinbefore mentioned, the term of all of which, however, is expressly limited to thirty years from December 14th, 1907, the date of the original tax sale, defendants Leo and Lina Geisler alone have filed an answer, whereby they question complainant's title, as well as her right to a partition of the premises in question. It is here contended on their behalf that complainant is not possessed of a fee-simple title to said premises and, hence, cannot maintain this action.
With this contention I am unable to agree. Partition of lands held by co-parceners, joint tenants or tenants in common, notwithstanding the fact that the share held by any of such parties may be for less than a fee, or may be limited over after any estate of life, or any interest therein, is expressly sanctioned under the provisions of sections 26, 45 and 46 of the act concerning partition. 3 Comp. Stat. pp. 3905, 3910;Campbell v. Cole, 71 N.J. Eq. 327.
Moreover, as I have already indicated, the evidence is entirely undisputed that complainant's mother, Jane Scott, entered into possession of the premises in question sometime during the year 1880 under and by virtue of the mortgage which she held thereon and after default had been made in the payment thereof; that the possession so entered upon was uninterruptedly continued by her up until 1907, a period of about twenty-seven years, when the municipality sold said premises for a term of thirty years by reason of the non-payment of the taxes assessed thereon for the year 1906; that throughout the entire period of her said possession, Jane Scott received and retained all of the rents, issues and profits from said premises, at no time having accounted for all or any part thereof to the mortgagor or owner, and never received any payment on interest or principal upon her said mortgage nor in anywise recognized it as a subsisting lien. That the right of the mortgagor and any and all persons *Page 198 
holding by, through or under him, to re-enter or redeem the said mortgaged premises was, under these circumstances, effectively barred and cut off, cannot be gainsaid. Comp. Stat. p. 3170 §18.
The failure of the mortgagor to exercise his right of redemption within the twenty years from the date of his default in the payment of the mortgage, plus the mortgagee's continued possession of the mortgaged premises during said period, under the circumstances hereinbefore mentioned, vested in the mortgagee an absolute and indefeasible title in fee-simple thereto. Comp.Stat. p. 3170 § 18; Bates v. Conrow, 11 N.J. Eq. 137; Chapin
v. Wright, 41 N.J. Eq. 438; Coogan v. McCarren, 50 N.J. Eq. 611; Christopher v. Wilkens, 64 N.J. Eq. 354; Cohn v. Plass,85 N.J. Eq. 153; Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86.
To this title, complainant and her brother, Frederick Scott, for whom his devisee, Edward T. O'Shea, has been substituted, as her only heirs-at-law, succeeded upon her death.
The title so acquired by complainant and defendant Edward T. O'Shea, her brother's devisee, was neither defeated nor conveyed away by the tax deed, which constitutes the only source and basis of the claims here asserted by defendants Leo and Lina Geisler. It was merely a right to the use and possession of said lands for the term of thirty years, as therein expressly stated, and not the title thereto, that was conveyed by, and hence all that was acquired by the said Geislers under, the said tax deed.
Title, legal or equitable, and not the right to immediate possession, in the person or persons seeking partition is an essential prerequisite to the maintenance of a suit for partition of lands. Bouvier v. Baltimore and New York Railway Co.,67 N.J. Law 281; Baker v. Baker, 97 N.J. Eq. 306. Although the existence of a co-tenancy is essenial to the maintenance of such a suit, the mode of its creation is immaterial.
It is further contended on behalf of the answering defendants that inasmuch as they denied complainant's title, *Page 199 
that issue must of necessity be settled at law, and consequently this court is without jurisdiction. But the principle thus urged is applicable to those cases only wherein the legal right or title, whereon complainant's fundamental right to equitable relief is founded, is in substantial dispute. It is in these cases only that a court of equity will, in order to justify its interference, require such right or title to be first established at law. Mayor, c., of Borough of South Amboy v. PennsylvaniaRailroad Co., 77 N.J. Eq. 242; Imperial Realty Co. v. WestJersey and Seashore Railroad Co., 79 N.J. Eq. 168.
No such case, however, is presented by the case at bar. Here, as already pointed out, the complainant's legal title, though formally disputed, is clear on the undisputed facts and upon the well settled legal rules, the object of the present suit being merely to ascertain the extent of and to enforce and protect complainant's title, in a manner not attainable by legal procedure. That this court will take cognizance and assume jurisdiction of such cases has already been well established by a long line of cases, amongst which are Hart v. Leonard, 42 N.J. Eq. 416; King v. Muller, 73 N.J. Eq. 32; Man v. Vockroth,94 N.J. Eq. 511.
That the property in question is incapable of being actually or physically partitioned is not here questioned or disputed. Consequently, under the power of this court it will be ordered sold, subject, however, to the answering defendants' right of possession to December 14th, 1937, under, as well as to all other rights and privileges derived by them through, the tax deed constituting the original basis or source of their interest in said property.
A decree may be entered in accordance with the determinations herein expressed. *Page 200