This is a bill to partition lands formerly owned by one Charles Eckert. The testator left a last will and testament which after directing the disposition of his remains and the payment of his debts, provided as follows:
"Third: My house and property, located at 266 Sussex Street, Paterson, New Jersey, are to be sold profitably; not at a loss price below reasonable value, except in dire most extremity, unanimously agreed to, by my two heirs or beneficiaries, herebelow mentioned, who are residents of the United States of America.
"Fourth: Of my personal effects or possessions, whatever they may consist, are to be equally divided between my two stated beneficiaries, amicably, but; if any disagreement is engendered, then such personal possessions or effects are to be sold for the best price possible, and the monies received therefrom to be equally divided instead.
"Fifth: As soon after above mentioned sale, as possible, after all legitimate authentic expenses connected therewith have been paid, I wish, order and direct that the monies remaining therefrom be distributed to my heirs or beneficiaries, as follows:
"Sixth: To my daughter, Mrs. Marie Rose Muller (nee Marie Rose Eckert) one-half of my entire estate; and to my daughter, Mrs. Lena Braun (nee Lena Eckert) the balance one-half of my entire estate." *Page 57 
This suit is brought by Mrs. Braun and her husband against her sister who is the executrix under the will. The sole question is as to the legal effect of the provisions of the will, whether it gives to complainants a right to a partition. This depends upon the question as to whether there was a devise of the lands involved to the two daughters so as to make them tenants in common. If this be the construction of the will, complainants' right to partition would be unquestioned. If, on the other hand, the executrix has a power to sell the lands, there would be no right to a partition.
The will contains no express power to sell and it therefore must be an implied one if at all. Such a power must be implied only when it is necessary to carry out the provisions of the will. In Chandler v. Thomson, 62 N.J. Eq. 723 (at p. 726), the court says:
"If a sale of the real estate is necessary to carry out the purposes of the testator, the power to make the sale will be given by implication, as otherwise the intention of the testator might be defeated. Blount v. Moore, 54 Ala. 360; Van Winkle
v. Fowler, 52 Hun. 355; Livingston v. Murray, 39 How. Prob.Pr. 102; Mathewson's Petition, 12 R.I. 145; Going v. Emery, 16Pick. 107; Matter of Fox, 63 Barb. 157; Skinner v. Wood,76 N.C. 109.
But the right to exercise such power of sale by implication has been rigidly restricted to those instances in which it is necessary in order to carry out the purposes of the testator's will."
To the same effect is Lindley v. O'Reilly, 50 N.J. Law 636.
Where the proceeds of the sale of lands are distributable under a will there is no devise of the lands. In Triplett v. Ivins,93 N.J. Eq. 202, the court says:
"The general rule has long been recognized in this state that where land is directed to be converted into money by the executors and the proceeds distributed in a manner designated by the testator, such proceeds are to be regarded as gifts of money to the distributees and not as devises of real estate. Scudder
v. Vanarsdale, 13 N.J. Eq. 109, 113; Fluke v. Fluke, 16 N.J. Eq. 478,480; Cook v. Cook, 20 N.J. Eq. 375, 377; Hand v.Marcy, 28 N.J. Eq. 59, 65; Clark v. *Page 58 Denton, 36 N.J. Eq. 419; Brown v. Fidelity Trust Co. (NewJersey Chancery), 87 Atl. Rep. 222; Isenberg v. Rose (NewJersey Chancery), 99 Atl. Rep. 615; Cranston v. Westendorf
(New Jersey Chancery), 108 Atl. Rep. 776."
Where there is a power of sale there can be no partition since the sole interest of any of the beneficiaries would be to a share in the proceeds and would be at least in equity no tenancy in common as devises. Moore v. Wears, 87 N.J. Eq. 459. A direction to sell lands and divide the proceeds constitutes an equitable conversion of the realty into personal property.Cranstoun v. Westendorf, 91 N.J. Eq. 34.
In applying these principles to the will in suit it is clear that complainants are not entitled to a partition. The third paragraph of the will provides that the lands in question "are to be sold," although the will does not specifically say by whom. The fourth paragraph of the will deals with personal property only and has no bearing on the question. The fifth paragraph of the will provides that "after above mentioned sale * * * the moneys remaining therefrom be distributed to my heirs or beneficiaries as follows:
"Sixth: to each daughter one half."
This implies a power of sale in the executrix since unless she received the proceeds she could not make distribution thereof as required by the will.
A decree will be advised dismissing the bill.