Seth H. Lanes, administrator of the estate of Marion E.T. Ginn, filed this bill to compel the defendant to specifically perform a contract which had been entered into between the defendant and the complainant's decedent for the purchase and sale of real estate located in Montclair, New Jersey. The administrator brought this bill by virtue of R.S. 3:23-6.
The defendant moved to strike the bill on the following grounds:
1. The said bill of complaint fails to set forth an equitable cause of action in that
(a) The bill of complaint prays that the defendant be decreed to execute and deliver to the complainant such instrument for conveyance as is provided under said contract of sale. The heir-at-law and not complainant is entitled to receive same.
(b) The bill of complaint does not set forth facts which entitle complainant to maintain this action and receive title to the premises.
2. The said bill of complaint is defective in that complainant has failed to join the heir-at-law as a party complainant or defendant and said heir-at-law is a necessary party to any cause of action which the complainant may have.
The heir-at-law referred to in the motion to strike the bill of complaint is the wife of complainant's decedent. See R.S.3:3-4.
Pending the motion to strike, the wife of the decedent filed her petition asking to be admitted as a party defendant. She alleges that she "is the sole heir-at-law of the decedent and, therefore, has an interest or title in the premises in question which the decree in this cause will effect." *Page 7 
In the treatise, Wills and Administration in New Jersey, by Alfred C. Clapp, p. 427 § 285 note 7, the author, commenting onR.S. 3:23-6, says:
"This is an extraordinary change in the law of equitable conversion unless it be the law (as seems probable) that he merely takes title first for the benefit of creditors and second for the benefit of the heirs or devisees equitably entitled to the same."
If it is assumed that the administrator, after taking title, will exercise the power of sale under the statute (R.S. 3:23-6) and thereafter apply the proceeds to a purpose other than those suggested in the statute, the heir would be subjected to further litigation to establish her claim to the premises or the proceeds. However, if the heir is now admitted as a party, whatever decree is entered in this cause will adjudicate the ultimate disposition of the premises in question and will be binding on all the parties.
Paragraph 5 of the bill of complaint alleges that complainant is in possession of the premises. I assume that he has been collecting the rents. It may be that those rents are sufficient to pay the debts and obligations of the estate and if this be true it would not be necessary to sell the realty.
The petitioner's interest is not merely a consequential interest in this cause. See Hendershot v. Hendershot, 133 N.J. Eq. 544,546. It may develop that her interest is opposed to that of the complainant. She may attack the statute (R.S.3:23-6) by virtue of which statute the complainant brings this bill. She has an interest in the object of the suit and should be made a party.
I will advise an order admitting her as a party defendant. The above finding is dispositive of the defendant's motion to strike out the bill, which motion is denied. *Page 8