In the present suit for the partition of a designated parcel of real estate situate in Hamilton Township, Mercer County, the defendant Monroe Levy in his representative capacity as administrator pendente lite of the estate of William Hanson, deceased, has in response to the bill of complaint filed an answer analogous to the obsolete plea in bar. Chancery Rule 70.
Epitomized, the answer in lieu of plea avers that in the circumstances therein stated, the complainants have no interest or estate in the property which entitles either of them to prosecute the alleged cause of action. The answer is assailed by the contention of the complainants that it is both sham and frivolous.
It is not made evident that the factual averments of the answer are false and untrue, and therefore I cannot suppress it on the basis that it is sham. The question remains whether it is frivolous or, to use the simplified and modern characterization, insufficient in law. *Page 105 
The underlying circumstances which have occasioned the filing of the special answer and set on foot the present motion are somewhat infrequent. I gather them from the allegations of the bill and from the averments of the answer here impugned.
On January 2d 1947, William Hanson, now deceased, and Mildred Hanson, represented to be his wife, contracted in writing to convey the premises described in the bill of complaint to one Carle H. Daube for the purchase price of $25,805, and they then received an initial payment of $1,000. The agreement specified February 1st, 1947, as the date for the transmission of title. The answer declares that the vendors, in furtherance of the performance of the contract, actually executed a general warranty deed, which they entrusted to their attorney to be delivered to the purchaser on the date designated for the consummation of the sale.
On January 27th, 1947, and before the completion of the conveyance, the vendor William Hanson died intestate. Some discord arose relative to the legitimacy of the asserted marital relationship of Mildred Hanson and the decedent which implicated the alleged preferential right of Mildred Hanson to be awarded letters of administration as the surviving widow of the decedent. In that predicament and for the period of hostilities, the defendant Monroe Levy was duly appointed by the Mercer County Orphans Court on August 26th, 1947, to discharge the duties of an administrator pendente lite.
Having been joined in the present cause as a party defendant, he has chosen to impart to this court in his answer to the bill the information concerning the inter vivos contract and his consequent action in presenting to the Mercer County Orphans Court pursuant to pertinent statutory accordance a petition praying for authority to fulfill and effectuate the contract of sale entered into by the decedent. R.S. 3:23-3 et seq.,N.J.S.A. Extraneously, but with the acquiescence of counsel, I have been handed a certified copy of a decree of the Orphans Court made on December 5th, 1947, in the proceeding to which reference has been made, in which it is "ordered, adjudged and decreed that the aforesaid contract be fulfilled," and "that the said Monroe Levy, Administrator *Page 106 Pendente Lite of the estate of the said William Hanson, deceased, make a good and sufficient deed of conveyance to the said Carle H. Daube, or his successors in interest or assigns, for the above-described lands, according to the statute in such case made and provided."
Quite recently in Siesel v. Mandeville, 140 N.J. Eq. 490;55 Atl. Rep. 2d 167, I expressed the firmly seated persuasion that: "In equity, a contract for the sale of land is recognized, for most purposes, as if it were specifically executed and performed. In consequence of that view, the purchaser becomes the equitable owner of the land, and the vendor the anticipated recipient of the purchase-money. Following the contract, the vendor is the trustee of the legal estate for the vendee. Before the contract is consummated by actual conveyance, the lands are devisable by the vendee, and descendible to his heirs as real estate. Conformably the personal representatives of the vendor are entitled to the purchase-money. Haughwout v. Murphy,22 N.J. Eq. 531, 546."
Assuredly, if the sequence of events as I have harvested them from the informative material now available for consideration is to be accepted for present purposes as true, then frankly I am constrained more cogently to doubt the legal and equitable eligibility of the complainants to maintain their alleged cause of action than I am to discredit the immanance of the answer.
It would be audacious to controvert at this date the established rule which, broadly stated, makes title, legal or equitable, an essential prerequisite to the maintenance of a suit for the partition of lands. Bouvier v. Baltimore and New YorkRailway Co., 67 N.J. Law 281; 51 Atl. Rep. 781; Baker v. Baker,97 N.J. Eq. 306; 127 Atl. Rep. 657; Scott v. Scott, 112 N.J. Eq. 195; 165 Atl. Rep. 727.
I have not ignored the invitation to examine the answer and counter-claim filed by the vendee, Carle H. Daube, in which he proclaims his ability and willingness to have accepted title to the property in compliance with the terms of the contract and his accusation that the vendors and their representatives have neglected and declined to carry into execution the contractual obligations of the decedent, hence *Page 107 
his claim for compensatory damages. While I am not justified in concluding that the failure to consummate the conveyance is attributable to any cause other than the unanticipated death of the principal vendor, nevertheless I incline to regard the allegations of the answer of the vendee Daube as immaterial to the consideration of the present motion for two reasons. First, the instant inquiry is confined to the setting laid by the bill and the sufficiency of the answer thereto here impugned. The party whose answer is challenged is not bound by the averments of the independent answer of the co-defendant. Secondly, if the contract of sale was valid at the time of its execution, it operated to create an equitable conversion of the land into personalty from the time it was made. It is not intimated that the contract was not valid and in force at the death of the vendor. See Miller's Administrator v. Miller, 25 N.J. Eq. 354,365, reversed on another ground, 27 N.J. Eq. 514.
Incidentally, I infer from the statements of counsel that the vendee Daube is in actual possession of the premises.
And so, I am not convinced that where a conversion of real estate has been definitely accomplished by a valid and enforceable contract for its sale, an attempted rescission of the contract by the vendee because of the intervening death of the vendor will, ipso facto, operate to re-transform the character of the inheritable asset from personalty to realty, and thus alter the rights of the heirs and next of kin of the deceased vendor.
The ramification of the present cause presented for immediate consideration and decision is not whether the averments of the answer are true but whether, if true, they constitute a good defense. Viewed in that respect, the answer indicates that the complainants have no interest or estate in the land as heirs-at-law. Their rights are to share in the proceeds of the sale as next of kin. Cf. Moore v. Wears, 87 N.J. Eq. 459;100 Atl. Rep. 563; Cranstoun v. Westendorf, 91 N.J. Eq. 34;108 Atl. Rep. 776; Braun v. Muller, 132 N.J. Eq. 56; 26 Atl. Rep.
2d 731; Hill v. Van Sant, 133 N.J. Eq. 133; 30 Atl. Rep.
2d 904.
The motion to strike the answer in lieu of plea is denied. *Page 108 
In overruling the motion, it is not to be understood that I have regarded the proceedings in the Orphans Court as necessarily conclusive, particularly in relation to the interests of persons, if any, who were not parties thereto. Cf. Lanes v. Bank ofMontclair, 141 N.J. Eq. 5.
The complainant may now traverse the answer or submit to preliminary final hearing the issue on bill and the special answer. Davison's Ex'rs v. Johnson, 16 N.J. Eq. 112.